## JONATHAN ROBINSON *versus* GORDON BURLEIGH, administrator.

Where a writ bears teste of the day when it was actually made, the day of the teste must be considered as the day of the commencement of the action.

But the time of the day of the teste, when the writ is actually made, is not to be considered as the true time of the commencement of the action ; the action is to be considered as commenced at the time on that day, when the plaintiff elects to use the writ.

In trover, a refusal to deliver goods when demanded, is only evidence of a conversion ; and when such refusal may be considered only as the result of a reasonable hesitation in a doubtful matter, it is not sufficient evidence to prove a conversion.

TROVER for a horse. The cause was tried here upon the general issue at January term, 1830, when it appeared in evidence, that one Joshua Heath had in his posses-

sion a colt belonging to the plaintiff, and exchanged the same for the horse mentioned in the plaintiff's declaration, then died. The plaintiff afterwards saw the defendant, who was the administrator of Heath's estate, and disclaimed the exchange made by Heath as aforesaid, and said he should claim his colt wherever he could find it. It however appeared that Robinson did in fact authorise the exchange.

The writ, in this case, was made on the 5th December, 1828, in the morning, at Sanbornton, where the plaintiff resides, and he, on the same day, taking with him a deputy sheriff, to whom he delivered the writ, went to Hebron, where the defendant resides, and without giving any explanation of his former declarations, demanded the horse in controversy. The defendant refused to deliver the horse, and the plaintiff immediately ordered the officer to serve the writ, which was accordingly done.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of the court upon the foregoing case.

*Lyford*, for the plaintiff, cited 15 Mass. Rep. 359, *Rodger* v. *Phinney*.

*Gilman*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. It is objected, in this case, that the action was commenced before there was any cause of action.

In general, the day of the teste of the writ is to be considered as the time of the commencement of the action. But whenever the true time is material, it may be shown notwithstanding the teste of the writ. 2 N. H. Rep. 330.

When the day of the teste of a writ is the day when it was actually made out, we have no doubt, that the day of the teste must be considered as the day of the commencement of the action, and neither party can be permitted to show, under any circumstances, that it was commenced upon any other day. In all cases, therefore,

where a writ is made before the cause of action arises, and bears teste the day when so made, if the cause of action do not arise on that day, the writ must be altered so as to bear teste on the day when the cause of action arises, or on a subsequent day, otherwise the suit must fail.

But it is sometimes material to ascertain at what time of the day, upon which the writ bears teste, the action was commenced.

We are of opinion, that in such a case, the time when the writ is actually made, is not necessarily the true time when the action is to be considered as commenced. Thus, in the present case, it was necessary to make a demand of the horse, before the action could be commenced. But as the defendant resided at a distance from the plaintiff, he concluded that it would be convenient, in case of a refusal by the defendant to deliver the horse, to have a writ served. He therefore had a writ made and took it with him. Had the horse been delivered, when demanded, there would have been no occasion for a suit, and the writ could have been thrown away as waste paper. But as soon as the defendant refused to deliver the horse, the plaintiff elected to use his writ, and directed the officer to serve it, and we think that this, and not the making of the writ, is to be considered as the actual commencement of the action. So if the plaintiff had delivered the writ to the officer, and requested him to make a demand, and directed him, in case of a refusal, to serve the writ, we see no objection to considering, in such a case, not the time of making the writ, but the time when the officer became authorized to serve the writ, as the true time of the commencement of the action. And we are of opinion, that this action is to be considered as commenced at the time when the plaintiff directed the officer to serve the writ, so that if the plaintiff has any cause of action, the writ is well enough commenced.

But it is further objected, that the refusal of the defendant to deliver the horse, when demanded, was not, under the circumstances, evidence of a conversion.

A refusal to deliver goods, when demanded, is not in itself a conversion. It is, at most, only evidence of a conversion, and does not even amount to that under some circumstances. 4 Starkie's Ev. 1492—1502. In this case, the defendant had the horse in his possession as an administrator. He cannot be presumed to have known the circumstances under which the horse came into the possession of his intestate. He had seen the plaintiff, who disclaimed the bargain by which the intestate had acquired the horse, and said he should claim his colt wherever he could find it. Now the intestate might, for aught the defendant knew, have exceeded his authority in making the exchange, in which case the plaintiff could not have been bound by the contract. 1 Peter's S. C. Rep. 290.

And if the plaintiff had a right to disclaim the exchange, what he said to the defendant, when he first saw him, would seem to amount to a disclaimer.

The plaintiff then went to the defendant with a writ and an officer, and without giving any explanation of his former declarations, demanded the horse. This seems to us to have been not only a harsh, but a very exceptionable course. It certainly placed the defendant in a situation, in which he might reasonably doubt what was proper to be done. And although the plaintiff may, in fact, have been entitled to the horse, we think that the refusal by the defendant to deliver him, must be considered as the result of a reasonable hesitation in a doubtful matter, and that it cannot, under the circumstances, be adjudged sufficient evidence to show a conversion.

*A new trial granted.*