## Erastus Graves et al. *versus* John Ticknor.

Where an individual receives money to deliver to another, as a bailee without hire, there is an implied contract that he is to deliver the money, or return, or account for it within a reasonable time, and, if he neglects to do this, he is liable in assumpsit.

Where the money was enclosed in a letter, and neither the letter, or money has been accounted for, it does not furnish such evidence of a tort, or felonious intent in breaking up the letter, as to prevent the maintenance of an action of assumpsit, but is merely evidence of gross neglect.

A demand made by an officer, on the day of the date of the writ, after the making of the same, and delivery to him, but before service, is holden good. The writ will be considered as sued out at any moment of the day which best accords with the justice of the case.

Where a party resides without the state, and more than twenty miles from the place of caption, notice of the taking of depositions is to be served upon his attorney in the same manner as though he were the party without reference to the client's residence.

This was an action of assumpsit. There were three counts in the plaintiff's declaration. The first count alleged that the defendant received of the plaintiffs the sum of $114, to be delivered by him to one Daniel Colt within three days, and that the defendant so negligently, and carelessly conducted with said money that the same became wholly lost to the plaintiffs.

The second count alleged that the defendant engaged to pay over the money within a reasonable time, but had neglected to pay the same, within such time, whereby he became liable in law to account for the same to the

plaintiffs, and, in consideration thereof, on the date of the plaintiffs' writ, promised to pay the them said sum.

The third, was a general count for money had and received.

The cause was tried upon the general issue at the September term of the Common Pleas, 1833, and a verdict taken by consent, for the plaintiffs, subject to the opinion of the Superior Court upon the following case.

Some time in the year 1823 the plaintiffs, being partners in trade doing business at Sunderland in Massachusetts, and being indebted to one Daniel Colt then residing in Hartford, in the state of Connecticut, in the sum of $100, and wishing to send the money to said Colt, caused inquiry to be made of the stage driver, on the rout between Sunderland and Hartford, whether there was any passenger in the stage going to Hartford. Upon this enquiry being made, the stage driver introduced one of the plaintiffs to the defendant, as a passenger who was then on his way to Hartford, and the defendant undertook to take charge of the money, and deliver it to said Colt.

The money was counted in the defendant's presence, and put in a letter, and was thus delivered to the defendant, to be carried by him to Colt. But neither the letter nor the money was ever received by Colt from the defendant, nor has the defendant ever given to the plaintiffs any account of either.

The writ in this case was made, and tested on the 28th of July 1828, and was served upon the defendant the same day. After the writ was delivered to the officer who served, and before he served it, he, by the direction of the plaintiffs' attorney, demanded of the defendant the money delivered to him as aforesaid, which the defendant refused to deliver.

The defendant resides at Mobile in the state of Alabama. On the 31st of March, 1832, a notice was served upon his counsel, in Haverhill in this county, that a de-

position was to be taken by the plaintiffs, in Hanover in said county, on the 7th of April in the same year.    The deposition was accordingly taken, and was offered in evidence but the defendant objected that, under the circumstances, his attorney was entitled to notice, twenty days at least, before the day of the caption, but the objection was overruled, and the deposition was admitted.

*Grout* and *Bartlett*, for the plaintiffs.

*Bell*, for the defendant,

Contended that there was no evidence to sustain either the first, or second count in the declaration, and that the only question was whether the third count for money had and received would lie.

That, where an individual was constituted an agent to deliver money, there could be no implied assumpsit, and the only remedy was case in tort, or special assumpsit.— Laws on Assumpsit, 51 ; *Gaine et ux.* v. *Harvie*, Yel. 50.

That, in this case, the money delivered was enclosed in a letter to be delivered to a creditor of the plaintiffs, and the defendant could not have appropriated the money except by such a breaking up of the package as would be evidence of a tortious conversion, or a felonious intent.

He also contended that assumpsit would not lie, until after demand, and refusal.  That the making of the writ was the commencement of the action, and if not, that the delivery of the writ to the officer was the commencement, and that the case of *Robinson* v. *Burleigh,* 5 N. H. Rep. 225, differed from this, as the party, in that case, went with the officer, and directed the demand before service. The officer cannot by law make a writ, and he here virtually makes it.  He might just as well have amended it, or filled it up.

It was also contended that the deposition used on trial was inadmissible for want of suitable notice to the de-

Graves et al.
v.
Ticknor.

fendant's attorney, his client residing without the limits of the state, and more than twenty miles from the place of caption, and that the counsel should have received the same notice, as his client would have been entitled to, reckoning from the client's place of residence.

The opinion of the court was delivered by

UPHAM, J.*   This is a case of a bailment of money to be delivered by the bailee, without reward. The bailee, in such cases, is liable for what is termed gross negligence, which consists in the omission of that care which bailees, without hire, of common prudence, are accustomed to take of property of the like description. *Tracy* v. *Wood*, 3 Mason's Rep. 132.

Every bailee, of this description, is bound to render, upon request, a full account of his proceedings to show that the trust has been duly performed, or, if it has not been performed, to offer a justification, or legal excuse for non performance, and to make restitution of the property where the same is to be restored, or where the mandate is not complied with. Story on Bailments, Ch. 3, Sec. 191.

If the bailee has been guilty of fraud, or gross negligence, or misuser, he is liable for damages. The manner in which the remedy is to be enforced varies according to circumstances.

There are cases of bailments, of this description, where the action should be case for misfeazance, or negligence, or conversion. The form of the action depends upon the nature of the undertaking on the part of the bailee, and the circumstances of his default. The undertaking in this case was to pay over the money within a reasonable time, or to refund it, or account for it. The money was received by the defendant under an implied promise to this extent. The undertaking being gratuitous, and without consideration, its performance could not be compelled by the common law ; *Else* v. *Gatward*, 5 Term Rep. 143 ; *Thorne* v. *Deas*, 4 Johns. 84 ; 2 Kents.

*Parker J. having been of counsel, did not sit.

Com. 443, 444.    But the defendant is bound, if he declines to perform it, to restore the property, and an unreasonable delay to do this, renders the defendant accountable as the alternative imposed by his contract.

If such be the nature of the contract, we know no reason why assumpsit will not lie in cases where the unreasonableness of the delay is apparent, and without excuse.    An action of assumpsit, founded upon the contract, is one of the remedies specified in cases of this description.    Story on Bailments, Ch. 3, Sec. 191 and Sec. 213 ; *Fowler* v. *Shearer*, 7 Mass. Rep. 14 ; *Rowe* v. *Smith*, 16 Mass. Rep. 306 ; *Riches* v. *Brigges*, Yelv. 4.    And we think assumpsit will lie upon either the second, or third counts in this case.

But it is said, in this case, that a demand is a necessary prerequisite to the commencement of a suit.    This doctrine would be correct, were the suit commenced prior to an unreasonable delay, to restore the money received.

The general rule is, that the bringing of an action, is a sufficient request *for money.    Vivian* v. *Shipping*, Cro. Ca. 384.    Where the request is not parcel of the contract, and the promise is to pay, or perform a mere debt, or duty, or that which is in the nature of a debt, or duty, a special demand is unnecessary, and such is this case after the refusal of the defendant to comply with his alternative of delivering the money. Laws on Assumpsit, 247 ; 3 Salk. 309, 310 ; *Lent & al* v. *Paddleford*, 10 Mass. Rep. 230.

But we are of the opinion that a sufficient demand has been proved.    Where a demand is made, on the day of the date of the writ, after it is delivered to the officer, but before it is served, the writ is considered as sued out at any moment of the day which best accords with the justice of the case.    *Badger* v. *Phinney*, 15 Mass. Rep. 359 ; *Robinson* v. *Burleigh*, 5 N. H. Rep. 225.

As a farther reason why assumpsit will not lie it has been urged that the money was put into a letter, to be delivered, and it could not have been appropriated by

the defendant, except by such a breaking up of the package, as to constitute evidence of a felonious intent, or a tort inconsistent with the maintenance of assumpsit.— The case finds no manner in which the package has been disposed of, and in the absence of testimony we are bound to give the most favorable construction to the defendant. It is sufficient for the plaintiffs to allege such a want of common prudence, and care, on the part of the defendant, as persons, undertaking such a trust, are bound to exercise. Unless the circumstances of the case necessarily show a default or wrongful act beyond this it would not prevent the maintenance of assumpsit. *Hill* v *Davis*, 3 N. H. Rep. 384.

On the trial of this case, an exception was taken to the use of a deposition, for the want of suitable notice to the defendant's counsel, his client being then a resident without the state, and more than twenty miles from the place of caption, and it is said the same notice should be given to the defendant's counsel, as his client would have been entitled to, in case of personal service on him at his present place of residence, or wherever that residence might be. This rule however would operate as a serious inconvenience where depositions should be taken out of the state, near the client's residence, and merely the notice which the client would be entitled to, in such case, should be given to the counsel here, and its operation, in some instances where depositions are taken, within the state, might be inconvenient. We are of opinion that the counsel, where the client resides out of the state, and more than twenty miles from the place of caption, should receive the same notice, as if he were himself the party, without regard to his client's residence. This rule will probably operate as justly as any other, and seems to have been the rule designed by the statute in the provision that " where the party resides without the state, and more than twenty miles from the place of caption, the attorney shall be notified in the same way, and man-

ner, as is provided for the notification of a party who
lives within the state.   N. H. Statute, Ch. 110, Sec. 3.

Graves et al.<br>v.<br>Ticknor.

*Judgment must be rendered upon the verdict.*