## ROWELL *vs.* HOIT.

A return of an officer upon an execution, that he had given notice to the bail, &c., but the bail had not produced the principal, and he therefore returned *non est inventus,* is not sufficient to charge the bail.

The bail is not bound to produce the principal to the officer. If without any agency of the bail the officer has an opportunity to arrest the principal, he cannot return *non est inventus.*

SCIRE FACIAS against the defendant as bail of one Stephen P. Shirley.

The writ set forth the return of the officer on the execution against Shirley in these words :

" *Coos ss., Oct.* 1, 1833. I then notified John Hoit, of ' Bethlehem, that I had the within execution in my hands ' for collection, the amount of the same, and when returnable, ' and that he was bail on the original writ, by giving him a

'notice in writing to that effect, with my name and style of 'office signed to the same."

"JOSEPH COLBY, Dep. Sheriff."

"*Coos, ss., Nov.* 19, *A. D.* 1833. I have kept this exe-'cution in my hands since the first day of October last to 'this present time, but the said Hoit has never produced the 'within named Shirley. I therefore return this execution '*non est inventus.*"

"JOSEPH COLBY, Deputy Sheriff."

The defendant demurred, and assigned for cause of demurrer that it was not alleged in the return of the officer, as set forth in said *scire facias,* that the said Shirley, the principal debtor, avoided so that he could not be taken on the execution.

*Burke,* and *Bellows,* for the plaintiff.

*J. Smith,* for the defendant.

PARKER, J. The statute enacts that the bail "shall be obliged to satisfy the judgment obtained against the principal, in case of the principal's avoidance and return of *non est inventus* upon the execution." If, therefore, the return in this case is an unqualified return of *non est inventus,* the plaintiff is entitled to recover. But it cannot be so regarded. The officer returns that the bail has never produced the principal, therefore he returns the execution *non est inventus.* The return must all be taken together, and so taken does not negative the fact that the principal may have been in the presence of the officer, and that he has had an opportunity to arrest him on the execution. It is in substance merely a return that the bail has not produced the principal; for the farther return of *non est inventus* is explicitly set down as a consequence of that fact. That fact however authorizes no such consequence. It does not show that the principal has

avoided, and if he has not the officer cannot lawfully make a return to charge the bail.

The clause of the statute requiring the officer who holds the execution to give notice to the bail fifteen days before the return day, is for the benefit of the bail, that he may produce the principal to the officer in his discharge ; but it does not require him so to do, and it does not authorize a return of *non est inventus* in any case where such return could not have been made if this provision of the statute had not existed. 7 *Green. Rep.* 80, *Kidder* vs. *Parlin.*

The officer in this case may have leave to amend his return, upon filing an affidavit showing that the truth of the fact will warrant it, but on the case as it stands there must be

*Judgment for the defendant.*