## CUSHING *vs.* BRECK.

10  111
69  141

The principal cannot surrender himself, in court, in discharge of his bail, against the consent of the bail, and of the creditor.

A party who has pledged property to another, to indemnify him for becoming bail, cannot maintain an action for the property, while the liability exists, by tendering a bond of indemnity, with responsible sureties, and demanding the property.

TROVER, for sundry promissory notes.  The writ was dated the 24th of April, 1837.

In support of the action, the plaintiff introduced a writing, signed by the defendant, dated October 6, 1836, whereby the defendant acknowledged the receipt of the notes, and engaged to account for them when the plaintiff indemnified

and saved him harmless, for becoming bail for the plaintiff, in two actions against him.

It farther appeared in evidence, that at April term, 1837, said actions against the plaintiff were continued, to be defaulted; and that the plaintiff came into court, surrendered himself, and asked to have his bail discharged—that the defendant, being in court, objected to be discharged, and said that he made no claim against the plaintiff for his services as bail—that the plaintiff objected to the defendant's acting farther as bail, and offered, in court, to furnish new and sufficient bail. The attorney for the creditors, in those actions, also objected to the plaintiff's surrendering himself, and also to the discharge of the defendant as bail.

It further appeared, that on the twenty-second day of April, on which the term of the court closed, and after the adjournment, the plaintiff tendered to the defendant a bond, signed by sufficient sureties, with a condition to indemnify the defendant from his liability as bail, and that he then demanded the notes mentioned in the receipt.

The defendant made no objection to the sureties, and said the bond was sufficient; but said some of the notes had been paid, and he could not deliver them up; and if he could, it would not be proper that he should do so, as there had been a trustee suit served on him. The defendant did not receive the bond.

There was evidence, on the part of the defendant, that a suit in favor of Mary Cushing, against the plaintiff as principal, and the defendant as trustee, had been served on him the same day, previous to the tender of the bond and demand of the notes.

By agreement of the parties the notes remaining in the hands of the defendant were delivered to the plaintiff, and a verdict was taken for the plaintiff for nominal damages; judgment to be rendered thereon for the plaintiff, with full costs, or the verdict set aside, and judgment entered for the defendant.

Cushing *v*. Breck.

*Burke*, for the plaintiff.

*Forsaith*, for the defendant.

PARKER, C. J. It was not competent for the plaintiff to surrender himself in court, in the manner he attempted to do. There is no provision of the statute authorizing such surrender, nor any practice warranting it. The statute contains no provision for committing the body of the principal, upon such surrender, or for any other disposition of his person. There is nothing to show that new bail, had the plaintiff offered new sureties, could have been taken. Had it occurred to the legislature that the principal might be desirous of being surrendered, they perhaps might have made provision, but they have not done so.

And the court cannot with propriety say, because the legislature have provided that the bail may surrender, and thereby obtain his discharge, and the principal thereupon be committed, that the principal may equally well surrender himself, and the same course be pursued.

There are adequate reasons why we should not attempt thus to extend the statute. Perhaps there may be no sufficient reasons why the bail should object to such construction of the statute, if the surrender would operate to exonerate him, as it must if it could be received. But it is not clear that the bail may not have some good reason to object, until it is understood that such a course may be adopted. He may have entered into the engagement to become bail, upon such an agreement that he may have an interest in not having his liability terminated suddenly, without his consent.

A consideration of this nature would furnish no reason, perhaps, why a provision should not be made allowing the principal to surrender himself; because, if the agreement between the principal and the bail was made with a knowledge that the principal might so surrender himself, it would be the folly of the bail not to be prepared at all times for such an

event.  But it serves, in some measure, to show why we should not extend the provisions of the statute, by any fancied equity, to a case to which its terms do not extend, and to which, in practice, it has not been applied.

There is however another, and perhaps a stronger, reason why it should not be so extended.  The creditor, in this case, objected to the surrender.  The statute provides that where bail is given upon mesne process, the surety shall be obliged to satisfy the judgment obtained against the principal, " in case of the principal's avoidance and return of *non est* upon the execution."   *N. H. Laws*, 495.   The creditor has a direct interest in this provision.   The substitution of a new surety, although it is one who appears to be responsible, may be to the creditor's disadvantage.  The creditor, therefore, may well object to be deprived of the security he has by this pro-vision of the law, except according to the terms of the law, and the usual practice of the court.   Those terms are, that the bail may surrender the principal and be discharged ; and not that the principal may surrender himself ; and the prac-tice has followed the terms of the statute.   The subsequent proceedings, for the security of the creditor, upon a surren-der, are predicated upon a surrender by the bail ; and the creditor is not obliged to extend any facilities for the discharge of the bail.   12 *Mass. R.* 434.

But farther, the different provisions of the statute must be construed upon the same principles.   Suppose there was not an insuperable difficulty in putting a construction upon that part relating to a surrender in court, while the action is pending, which would permit the principal to surrender him-self, and the court to order him into custody, and proceed as if the bail had surrendered him.   The statute contains a further provision by which the bail may commit the princi-pal to gaol, and give notice to the creditor, and thereby be discharged.   Were we to hold that the principal might sur-render himself in court, there is quite as much reason, if the court is not in session, that he should have the privilege of

Cushing *v.* Breck.

surrendering himself into the gaol.  But can we say that he can do this, and give a notice to the creditor, lawfully, within the terms of this statute.    This would, very clearly, be going too far.    The legislature could not have intended that the debtor should be at liberty to take up his quarters in the gaol, whenever it suited his convenience so to do, and compel the prison keeper, or the town, to maintain him there.    There is no provision for any notice to the creditor, that his debtor has thus taken possession of the prison house ; and if it is not competent for him to thrust himself upon the care of the prison keeper, by a direct surrender of himself at the gaol, before judgment, there is as little authority for him to do it indirectly, by a surrender in court, and a consequent commitment.

This is not like a case where judgment has been rendered against the principal, and he surrenders himself to an officer having the execution.    The principal might undoubtedly in that way exonerate his bail, but it would be because the officer could not, after that, return *non est inventus.*    The result would be the same if the officer saw the principal, and might have taken him, without any surrender.    8 *N. H. Rep.* 38, *Rowell* vs. *Hoit.*

It is equally clear that the plaintiff cannot maintain this action by reason of his having tendered the defendant an indemnity and demanded the notes.    They were pledged by the plaintiff, to the defendant, to indemnify him for becoming bail.    It is to be presumed that it was in consideration of this, that the defendant assumed the liability.    There is no evidence of any agreement that the plaintiff was to have liberty to substitute a bond, however responsible the sureties might be.    To permit the plaintiff thus to tender a bond, and require the notes, would be to enable him to put an end to the old, and to make an entire new, contract.    The defendant had the right, originally, to judge upon what security he would consent to become bail ; and so long as the liability continued, he had an equal right to judge whether he would

consent to yield up that security, and take another.    A proposition so plain hardly needs authority.    If it did, the remark of Lord Eldon, in the close of the case, *Pultney* vs. *Keymer*, 3 *Esp. R.* 184, is to the same effect.

It is not clear that the defendant is not entitled to judgment upon another ground.    Before any demand was made upon him for the notes, he was summoned as trustee of the plaintiff ; and although he could not have been held as trustee, by reason of his having promissory notes belonging to the plaintiff in his possession, it does not appear that he had actual knowledge of the rule, in this respect ; and he might perhaps hesitate to deliver them, until he could have the advice of counsel, without being guilty of a conversion.    He gave that as one reason for holding them, and the plaintiff tendered no indemnity against the trustee process.    Whether this could be " considered as the result of a reasonable hesitation," in what was to him " a doubtful matter," so as to authorize us to say that the refusal, under such circumstances, is not sufficient evidence of a conversion, it is not necessary to decide.    Where there is reasonable doubt as to the facts, a refusal to deliver property is not always evidence of a conversion.    5 *N. H. Rep.* 228, *Robinson* vs. *Batchelder*.

*Judgment for the defendant.*