## HARDY *v.* CORLIS & TRUSTEE.

A promissory note of the plaintiff, which the defendant obtained by indorsement after the suit was commenced, cannot be allowed in set-off.

A suit is commenced, for this purpose, when the writ is made out and placed in the hands of an officer for service.

If the defendant, after the plaintiff's writ is so made out and placed in an officer's hands, on the same day and before service, take by indorsement the promissory note of the plaintiff, it cannot be allowed in set-off.

ASSUMPSIT, on a promissory note of the defendant, payable to the plaintiff, or order.

Plea, the general issue, and notice of set-off, consisting of a promissory note payable to John L. Rix or order, and indorsed to the defendant. The plaintiff's original writ was dated August 6th, 1849.

It appeared on trial that the plaintiff's writ was made out and put into the hands of the officer for service, before six o'clock on the morning of August 6th; that at eight o'clock on the same morning the note filed in set-off was sold and transferred by Rix to the defendant; that some time after this transfer of the note to the defendant, in the course of the same forenoon, the writ was served on the trustee, and on the 17th of September following, upon the principal defendant.

° The plaintiff took a verdict by consent, for the amount of the note declared on, on which judgment was to be rendered, or the verdict set aside and judgment entered for the defendant, according as the opinion of the court should be upon the case.

*Bryant*, for the plaintiff.

*Morrison*, for the defendant.

PERLEY, J.  The Revised Statutes, ch. 187, § 4, provide that " if there are mutual demands between the plaintiff and defendant at the time of the commencement of the plaintiff's action, one debt or demand may be set off against the other." The set-off filed in this suit cannot be allowed, unless it was a demand which the defendant had against the plaintiff at the time when the action was commenced.  Was the action commenced within the meaning of the statute, when the writ was made out and placed in the hands of the officer for service ? or, not until the writ was actually served ?

It has been well and long understood in our practice that, as a general rule, an action is commenced when the writ is filled up with the declaration, as the statute provides, in order to have it served on the opposite party.  This rule is established on the authority of several reported cases ; and, so far as we are aware, no decision has been made in this State applying a different rule to any case for any purpose.  *Soc. for Propagation of the Gospel* v. *Whitcomb*, 2 N. H. Rep. 232; *Robinson* v. *Burleigh*, 5 N. H. Rep. 225; *Graves* v. *Ticknor*, 6 N. H. Rep. 537 ; *Davis* v. *Dunklee*, 9 N. H. Rep. 545 ; *Clendennin* v. *Allen*, 4 N. H. Rep. 385.

In *Clendennin* v. *Allen* it is said, that an action is not *pending in court* so as to satisfy the language used in the statute of February 9th, 1791, § 19, until the writ is served ; but the court say in the same case, that the time when the writ is sued out is considered as the time of the commencement of the action.

We find no reason in the nature of the case for supposing that

the legislature, in this provision of the statute, giving and de-
fining the right of set-off, when they use the phrase, " commence-
ment of the action," intended that a different construction should
be given to the term from that which had been uniformly applied
to it in this State at the time when the act was passed.   We are
therefore of opinion, that this action was commenced when the
writ was made and placed in the hands of the officer for
service, which, as the case finds, was before the defendant
obtained the. note filed in set-off.   The particular time of the
day when the suit was commenced and the note indorsed to the
defendant, may be shown for the purpose of determining whether
the defendant had his demand at the time when the action was
commenced.   *Robinson* v. *Burleigh, supra.*

*Judgment on the verdict.*