Thacher, J.
The plea does not, in my opinion, show that the former action was pending; it is therefore insufficient.
A special demürrer was * not necessary; I have never [ * 502 ] known one to a plea in abatement.
Sewall, J.
I am not satisfied that the first objection ought to avail; because I am inclined to think that it does appear by the plea that the former action was pending. But as there is no reference to the record, and as the party has a right of replying to such record, which he cannot do in this case for want of such reference *374 in the plea, I am also of opinion that it is bad; and whether the defect is in form or substance is immaterial; for want of form, in a plea in abatement, may, as I think, be taken advantage of on a general demurrer.
Sedgwick, J.
The greatest exactness is required in pleas in abatement; because no plea which goes to prevent a discussion of the merits of the case ought to be favored. In the present case, the defendant was bound to show clearly, and past all dispute, that the former action was pending at the time of the plea filed. This docs not appear. Every fact stated in the plea may be admitted to be true, and yet that action might have been previously discontinued. On the other point, the plea ought to have referred to the record. As the plea is, in my opinion, bad on both grounds, there must be
Judgment of respondeat ouster. (1)

 Commonwealth vs. Churchill, vol. v. 174
In a subsequent case in this Court, in which a very elaborate opinion was pronounced by C. J. Parsons, the doctrine of this case, (Clifford vs. Cony,) that a plea in abatement of a former action must show that it was pending at the time of the plea pleaded, was overruled. The reason seems to be clear, if the writ was vexatiously sued out; if it was bad in its inception, as it must have been if a prior action for the same cause was pending at the time of the purchase of the second writ, it seems difficult to imagine how any subsequent termination of the first suit can give validity to the second. The doctrine was very early settled, as appears by a translation of a case in the year-books, (39 Hen. VI. 12. pi. 16.) inserted in the margin.
The following case, decided in the Supreme Court of New York, will be of some interest, as relating to the effect produced by the judicial proceedings of the several states upon each other, when pending at the same time, (a)
Embree Collins vs. Hanna, 5 Johns. N. Y. Reports, 101
The defendant resided in Baltimore, and was indebted to the plaintiffs, as partners, upon book account. Before the commencement of the suit, the plaintiffs had dissolved their partnership, and Collins had assigned his share in the joint property, including this debt, to Embree. After the assignment, Messrs. Bach and Puffer, to secure a debt due from Embree alone, attached the said debt due from the defendant in Maryland according to the laws of that state, which permit a non-resident creditor to attach the goods and credits of a non-resident debtor. *
C. J. Kent, who delivered the opinion of the Court, was of opinion that if there had been a recovery against the defendant in Maryland as trustee or garnishee of the plaintiff before the commencement of their suit in New York, this would have been pleadable in bar, and that the same principle would support a. plea in abatement of an attachment pending and commenced prior to the present suit.
(a) [ Sed vide note to this case.—Ed ]