Parsons, C. J.
On the second day of April last, Euther Eames sued an action of the case qui tarn against the defendant to recover a penalty for taking usurious interest, against the statute of 1783, c. 55., by which it is provided that the penalty may be recovered by indictment, or by action on the case, one moiety to any person who may prosecute for the same. At the Common Pleas a verdict was found for the defendant, and the plaintiff appealed from the judgment rendered thereon. He entered his appeal at the last November term of this Court, at which term an indictment was found against the defendant for taking unlawful interest. To this indictment the defendant pleaded the former action of Eames against him then pending in abatement, with the usual averments that the action and indictment were for the same offence, and to recover the same penalty. After this plea was filed, Eames in the prior action became nonsuit. Afterwards, but in the same term, the Solicitor-General replies the subsequent nonsuit. To this replication there is a demurrer, which is joined.
The first question arises on the validity of the replication. The Solicitor-General might have replied that the civil action was sued by fraud and covin between the parties; and as he has not, but has chosen to confess and avoid it, that action must be considered as prosecuted bona fide. The merits of a plea, so far as they depend on the allegation of facts, must be determined by the law and the facts existing when the plea is pleaded ; and I do not recollect any case where a plea can be confessed and avoided by a posterior fact *133 done by a party not pleading it. For pleas after the last continuance stand on different principles. Now, if the plea must be taken to be true when the replication was filed, and if, when pleaded, it was sufficient to abate the indictment, a fact happening after-wards cannot make an indictment, * which was once [*176] abatable by law, good. I therefore lay the subsequent nonsuit in the first action out of the case, and shall consider the sufficiency of the plea. And if a former action pending for the same penalty, is sufficient to abate an indictment to recover the same penalty, then, if the averments in the plea are formal and regular, it is good.
It is very well known that a man cannot bring a second action for the same cause, for which he has a prior action pending. The same rule extends to qui tarn actions, where the plaintiffs are differ enty if the cause of the two actions is the same. The same reason will extend the rule to informations qui tom, and to indictments to recover forfeitures on penal statutes, but not either to informations or indictments for crimes (1). As to informations for penalties, it was determined in Regina vs. Harris (2), that an information on the statute of 5 Ed. 6, for buying wool, &c., filed in the King’s Bench, when there was pending in the Common Pleas a prior information by one Lewis for the same offence, must abate. And Hawkins (3) lays down the law generally, that whenever any suit on a penal statute may be said to be actually pending, it may be pleaded in abatement of a subsequent prosecution, being expressly averred to be for the same offence. Now, an indictment is a prosecution, and an expensive one, for the defendant may be arrested and imprisoned, or held to bail; and if acquitted, he cannot recover costs.
The reason of this rule is well expressed in a familiar law maxim . Nemo debct bis vexari, si constet curia quad sit pro una et eádem causa But an indictment to recover a penalty on a penal statute, and an action qui tarn may certainly appear to be for the same cause, and the former may be the most vexatious.
* If it be objected that, because it does not appear on [ * 177 ] what day the plea was filed, it cannot be known that the civil action was pending when the plea was pleaded, it may be answered, that the plea contains an averment that the action was then pending, and this averment is not traversed. For if the allegation was denied, the Solicitor-General, instead of replying (as he has) that Eames was nonsuit on the forty-third day of the term, should have replied n u. *134 tiel record. It however appears that the replication was not pleaded before the sixteenth day of January last, fifty-six days after the term commenced. But even if it did not sufficiently appear that Eames was nonsuit after the plea in abatement was filed, it would not be material, as it certainly appears that the civil action was pending when the indictment was returned and filed.
I believe that it has been sometimes supposed that in pleading in abatement to a second writ the pendency of a former one, the former must be pending at the time of the plea. The entries of pleas of this kind generally, but not always, aver the then pendency of the first writ: but in examining the books it is very clear that such averment is unnecessary; and it is sufficient if the first action was pending when the second writ was purchased.
[ * 178 ] In the 39 H. 6. 12. pl. 16.† this point is discussed *and *135 settled with much learning and ingenuity. It was holden that it must appear of record that the two actions are for the same cause,' and that the first writ was pending when the second was purchased. When the certainty * of [ * 179 ] the cause of action does not appear in the writ, nor until the plaintiff has declared, if the first action was nonsuited before he counted, the first writ could not be pleaded in abatement of the second, for it could not appear from the record that the two writs were for the same cause. But if the cause of action appear *136 with certainty in the writ, there if the plaintiff be nonsuit before he counted, the second writ would abate. And in all cases when the plaintiff was nonsuit to the first writ after he had counted, the second should abate, if purchased pending the first. And it was not necessary that the first writ should be pending when the plea was pleaded; for if by law it was once abatable, the subsequent non-suit could not make it good (a).
[*180] *This law is recognized in 5 Co. 61., Sparry’s case, and in Gilb. Hist. of C. B. 205, 206., and cited in 3 Instr. Cler. 118. In Cro. Eliz. 261. it is said that an information is pending as soon as it is brought into Court, and before process on it issue. For the cause of bringing it is certainly alleged in it, and it is recorded as soon as brought into Court.
By the course of proceedings in our Courts, the count being inserted in, and making a part of the writ, the plaintiff does not count after his appearance to his writ; and if he be nonsuit at any time, the writ may be said to be once depending. As in nonsuits at common law, after appearance to writs containing the cause of action .n certainty, the writs were once pending because the plaintiffs had appeared, so it would seem to be necessary here, that the plaintiff should enter his action before his writ can be averred to be pending in Court, so as to abate a subsequent writ. For its pendency must be a matter of record, and there can be no record of a nonsuit, unless the plaintiff be called after he has appeared in Court and entered his action. Therefore a subsequent writ is not abatable, unless the plaintiff enter his action on his prior writ.
But it is objected that this rule of law applies only to cases where the two writs are sued for the same cause by the same plaintiff; and that it will not apply to qui tarn actions sued by different plaintiffs, or to informations qui tarn for the benefit of different persons, or to a subsequent indictment to recover the same penalty (b).
The reason of the law applies to these cases, which is to prevent a man from being twice vexed for the same cause: and the principle, by applying the rule, certainly extends to these cases. The principle is, when the prior action is pending, the subsequent writ is bad ab initio: it is wrongly sued out, as not given by the penal *137 statute, while another action is pending for the same cause. The statute may give a qui tarn, action, or information, or an * indictment; but it does not provide that all these [*181] prosecutions may be pending at the same time. If it did, then the pendency of the former could in no case be cause to abate the latter, which is not contended for. When, therefore, a prosecution given by the statute is regularly pending, no other prosecution is, during the pendency of the former, authorized by the statute. Therefore the second prosecution is irregular, and unauthorized at its commencement: and if once abatable, .it seems very clear that no subsequent act of the first prosecutor, after his suit is pending, can make the institution of the second regular and legal.
It may be said that extending the rule to qui tarn, actions and in-formations, and to indictments on penal statutes to recover a forfeiture, may introduce fraud and covin : for the first prosecutor may continue to prosecute until the limitation of penal suits shall take effect, and may then become nonsuit, and the second prosecution being abated, the penal statute will be defeated.
Let us examine this objection. The second prosecutor, when the pendency of the first is pleaded in abatement, may reply that the first was by fraud and covin between the parties, and if the fraud be found, the plea will be avoided. But if a fraud not capable of proof may be presumed, still the objection will fail; for the fraudulent first prosecutor will not become nonsuit or discontinue, until the second prosecution is in fact abated. Therefore extending the rule to a nonsuit after appearance, and before plea pleaded, will not tend to introduce fraud: neither will the confining of the rule to cases where the former suit is pending when the plea is pleaded, or when the second suit is abated, tend to exclude fraud. For let the rule be settled, and fraudulent parties will always conform to it.
We are, therefore, of opinion that the plea is sufficient to abate the indictment, if the averments in the plea are regular. It is averred that the writ and indictment are for the same cause, and to recover the same penalty. * Now, on comparing [*182] the plea and the indictment together, if it substantially appears that they are for different causes, the averment is bad, because it is against the record.
The offence charged in the indictment is the taking of unlawful interest on a loan of 400 dollars to Ebenezer Clough by a contract to be performed in ninety days from the 19th of August, 1807. In looking into the plea, the offence charged in the declaration to the first writ is the taking of unlawful interest on a loan of 400 dollars *138 to Ebenezer Clough, by a contract to be performed in ninety-three days from the 19th of August, 1807. These contracts are not the same, but are substantially different. And the averment that they are the same, is an averment against the record, which the law will not allow. For this cause only, we think the plea in abatement is bad, and that the defendant must answer further to the indictment.
If the Solicitor-General, on looking into the evidence, should find that the grand jury have mistaken the effect of the contract, and that in fact it was to be performed in ninety days with grace, he will determine whether the ends of justice can be answered by further prosecuting the indictment.
After the opinion of the Court was thus delivered
Sedgwick, J.
observed that he had not been able to bring his mind to a decision of the point in question; but as the rest of the Court were very clear, he did not wish to suggest doubts, which might in any degree tend to weaken the authority of the opinion given. He said he did not recollect a case, in which a popular action had been held to abate an indictment for the same cause, unless the civil action was actually pending at the time of the .plea pleaded. He expressed an' apprehension that in consequence of this decision, the statute against usury would be virtually repealed. Perhaps this effect was not tobe lamented. If the pendency of a qui tam action is to pre- [ * 183 ] vent a prosecution for usury by the government, * unless collusion can be proved, a discreet usurer will always save himself from a penalty, to which he apprehends himself exposed, by procuring an action to be instituted by some confidential friend, which shall stand continued for two years, and then be discontinued, and by this method absolutely eviscerate the statute. Perhaps the positive rules of law furnish him this screen. If they do, it is for the legislature only to remedy the evil. Whether, however, they do or not, he had formed no opinion.
Note. The Solicitor-General afterwards entered a nolo prosequi upon the indictment, being satisfied that the same note was intended in the two several processes (a).

 Rex vs. Stratton & al. Doug. 240. — Rex vs. Swan & Jeffry. Fast. 104

 Cro. Eliz. 261.

 Hawk. P. C. B. 2. c. 26. § 63.

 As the year books are not frequently to be met with in our libraries, the reporter has thought that the insertion of the following case at large would gratify many of the profession, as a specimen of the juridical proceedings of former times, and the rather as its authority has been frequently acknowledged, and as it was mentioned with so much respect by his honor, the Chief Justice.
39 HEN. vi. 12. pi. 16.
" In a writ of detinue, the plaintiff by Choke counted of a box sealed with charters, and of one charter in special. Billing demanded judgment of the writ, because he •said that heretofore, viz. on the 1st of January, in the 38th year of the king that now 13, the plaintiff sued such a writ of detinue as this against the defendant, returnable before the justices of the Common Bench here at Westminster, at the Utas of St. Hilary, the process continued, and he showed how, until the day after Ascension then next following, and the parties appeared in Court and the plaintiff counted against the defendant for wrongfully detaining a sealed box of charters, and of one charter in special: which writ was abated, and he shows how, and for what cause, and also the whole record in certain, and shows that they were the same box, and were the same charters of which he has now counted: and he saith that this writ was purchased pending the other, and he demands judgment, &c.
Choke. This is no plea without saying that it is still pending, and inasmuch as you yourself have confessed that the other writ is abated, he demands judgment if this writ shall abate.
Prisot. It seems to me that this writ shall abate, because it was purchased pending the other, and albeit that the other be abated, it is now to no purpose. For the law will not suffer a man to be impleaded twice for the same thing simul et semel by several writs: for in a plea of land, if a writ be purchased pending another, it shall abate : so in detinue, covenant and writs of this kind, where the certainty of the demand appears by the writ. But it is otherwise in an action of trespass, for there the certainty of the thing doth not appear, no more than in an assize, for the writ there is de libero tenemento, which determines nothing certain. So a writ of trespass or an assize purchased pending another shall not abate without plaint. But if a man has two assizes pending, and he is demanded in one assize and is nonsuit, and after he is demanded in the other assize, and he appears and makes his plaint, now this writ shall not abate, although the tenant alleges that this writ was purchased pending the other to which he was nonsuit causa qua supra. But if he be demanded in the first assize, and he appear and make his plaint, if now he will be nonsuit to the first assize, the second assize shall abate, because the certainty appears in the plaint as well as if it was a precipe quad reddat. And, Sir, although this first writ was abated, still the second was purchased pending the other, at which time it was abatable ; and although he was after nonsuit to the first writ, that will not make this writ good, which waa once abatable. Therefore, &c.
*135 Moile. In a plea of land it is as you say, that if one writ be purchased pending another, it shall abate, and that has always been the usage. But the usage is otherwise in pleas personal: for it was never holden to be a plea in a personal action to say that this writ was purchased pending another, unless he said that the other is still pending, and then it shall abate.; because the law will not suffer a man tobe impleaded for the same thing by two divers writs, whether in debt or trespass But when the other is abated, there is now no mischief, and so there is a diversity between pleas real and personal.
Ashton. It seems to me that the writ shall not abate, unless the other was still pending, because there is now no mischief when the other is abated, for now he is impleaded but by one writ, and has but one writ pending against him: therefore there is no reason that the writ should abate. But if the other writ had been still pending, there would be reason to abate this writ, because he shall not be vexed nor troubled for the same thing by two several writs, but when the other is abated, this mischief is at an end, therefore, &e.
Prisot. There is no other reason that one writ of precipe quad reddat purchased pending another should abate, but that he should not be impleaded for the same thing by two several writs : and there is the same reason in a plea personal»/ a thing certain. And as to what is said, there is now no mischief because the other writ is not pending, it is not so. For if two several writs for the same thing be purchased, then he shall lose issues on both writs : so whenever it appears that he has twice been arrested on copias, then he has mischief by the vexation of the process, as he would by the plea, and the mischief is the same. And I lay it down that if one purchases two assizes against me, bearing date the same day, and returnable on the same day, and the plaintiff appears to both, both shall abate ; and so of a precipe quad reddat, and of a plea personal. And if one purchase two personal writs against me, one of an earlier date than the other, and he is nonsuited to the oldest writ before declaration, the second shall abate, so here. Therefore, &c.
Danby. It is not so, if he be nonsuit before declaration, the second is then good enough; because it is not certain what debt or charters he demands before he count by the first writ which is abated. But when he once appears and declares in the first writ, the second writ is abated which was purchased pending the first. And so in your cave, if the two writs bore the same date, and were returnable the same day, it is not true that both should abate ; for if he would be nonsuit as to one, the other should stand, (which Nedham granted) but in the case at bar the plaintiff counted on the first wr t, and this writ was purchased pending the first, and the plaintiff doth not deny that it was for the same thing; in which case this writ of necessity ought to abate. And as to what is said that it shall stand because the other writ is abated, this is to no purpose. For when a writ is once abatable by law, the plaintiff can himself do nothing to make it good, and so the writ shall abate.
LiWeton. The same reason which you give in a plea personal before declaration, may be given in a plea real before declaration.
Nedham. It is not so. For in a plea of land, he shall be summoned in the land iemanded, and by the summons it will be asserted what land he demands before his count; but it is not so in a plea personal, viz. in debt or detinue, for he will not he lummoned by the debt in demand, nor by the chattels demanded; and therefore it zannot be assorted before the count: and this is the diversity, quad nota.”

а) The opinions of Moile and Ashton are the most reasonable; and for authority in support of them, see Green vs. Watts, 1 Ld. Ray. 274. — Knight’s case, 2 Ld. Ray. 1014. 1 Salk. 329. 1 Went. 8.— Clifford vs. Cory, 1 Mass. 495. — Marston vs. Lawrence, 1 Johns. Cas. 397. Hawk. B. 2. ch. 26. § 63. Dougl. 240. See, too, the precedents in pleading.

 The defendant in an indictment cannot plead the pendency of the former indictment, founded upon the same transaction, in abatement. 1 Starkie, Crim. Plead 314 2d Ed. Foster, 104. 106.

 V.de 1 Starkie, Crim. Plead 314. — Foster, 104 — 106.