## DAVIS *vs.* DUNKLEE & a.

Where the defendant pleads in abatement the pendency of another action, for the same cause, commenced at the same time, the plaintiff, on a replication that the other was not commenced and pending at the same time, may give evidence that it was commenced on a subsequent day, notwithstanding both writs bear date the same day.

But if the two suits were in fact commenced at the same time, the pendency of each might be pleaded in abatement of the other, and both be defeated ; or the court might, in its discretion, quash both upon motion.

ASSUMPSIT upon a promissory note, signed with the partnership name of Dunklee & Carter, and by the individuals constituting the firm.

The defendants pleaded in abatement the pendency of another action in favor of the plaintiff against them, sued out at the same time with the said writ, and for the same cause of action.

The plaintiff, in his replication, alleged that the other

action was not commenced and pending at the same time this was commenced ; on which issue was joined.

It appeared in evidence that the writ, in this action, was sued out on the 15th of May, 1837, in the afternoon, and that at 7 o'clock, on the same afternoon, an attachment was made of the goods in the store of the defendants, and a keeper placed in the store. Afterwards, on the 17th day of May, 1837, there being some uncertainty as to the name of the firm, or whether the goods were the property of the firm, or of one of the partners only, a new writ was sued out against the defendants, covering the same claim, describing them as late partners, &c., and running against them individually ; and the officer was directed to attach the same property on the second writ.

The officer returned the property attached on the second writ, as subject to the prior attachment of the same property on the first writ, but both returns are dated the 17th of May.

The writs both bear date the 15th of May. The attorney who made the same testified that he had no knowledge of any design or direction to date the second writ back, and that he was not aware of the fact that they both bore date the same day until long after the attachment and service.

The jury found a verdict in favor of the plaintiff, which the defendants moved the court to set aside, on the ground that the writs bearing date the same day parole evidence was inadmissible to vary the date.

*Perley*, (*with whom was Bartlett,*) for the defendants. The issue is upon the fact whether the other action was pending when this was instituted. The writs are dated the same day, and served on the same day. The pleadings admit that two actions were pending for the same cause.

The plaintiff offered evidence to control the record.

Two actions for the same cause are not allowed. The subsequent action is vexatious. A defence of another action pending, although it must be in abatement, is favored.

If two writs are brought on the same day, and one is pleaded in abatement of the other, both must fail. 5 *Mass.* 179, *Com'th* vs. *Churchill, Year Book* 39, *H.* 6, *cited;* *Hobart's Rep.* 128.

So of two informations exhibited the same day by different informers. *Moore* 864 ; *Com. Dig., Abatement, F.* 2 ; 3 *Conn. Rep.* (2 *Ser.*) 71, *Beach* vs. *Norton.* The policy of the law does not allow the defendant to be embarrassed by showing actual priority, as that is a matter the defendant cannot know.

If the plaintiff institutes two actions, dated on the same day, he cannot show that one was made on a different day. 1. He cannot show it contrary to the record, because of the defendants' embarrassment. 2. The date is to govern, because such is the express language of the cases.

The priority of the writs is to be ascertained by the record, and not by the jury. 5 *Coke* 61, *Sparry's Case; 5 Mass.* 176–180 ; 1 *Mass.* 495 ; *Story's Pl.* 26, 122, *note.*

In England the production of the writ shows its priority. 1 *Tidd Pr.* 294. The date, or teste, is no guide, but the register is.

There are cases where the identity of the action has been submitted to the jury.

If evidence may be admitted to control the record in this case, it may be in others. A party has a right to act upon the date, and a right to claim that the plaintiff should be estopped to deny the date.

There are some English cases which go to prove that the true date may be shown. 3 *Burr.* 1434 ; *Black.* 437, *Combe* vs. *Pitt.* The reason is, that the writ there must bear teste of the preceding term, even if issued in vacation. The teste, therefore, gives no information. But the entry in the register's office shows the true time. *Tidd* 84, 86, 33.

The form of pleading shows that it must appear of record —"*prout patet per recordum.*"

The policy of the law is stronger here than in England,

for there is there no attachment of property, and no holding to bail without oath.

The defendant is entitled to judgment, notwithstanding the verdict.

*Peaslee*, for the plaintiff. The true time of action brought may be shown. It may be submitted to a jury to find that fact. 2 *N. H. R.* 231, *Society for Prop. the Gospel* vs. *Whitcomb.*

In general, the teste of the writ is to be considered as the time it is commenced, but the true time may be shown. 5 *N. H. R.* 227, *Robinson* vs. *Burleigh;* 15 *Mass.* 90, *Davenport* vs. *Mason; ditto* 359, *Badger* vs. *Phinney.*

*Perley*, in reply. The cases cited for the plaintiff show what we understand to be the law on the facts as they appeared in those cases. What is there said, if made applicable to this case, is not supported by the authorities. They only go to establish the doctrine that where purposes of justice require it, the true time may be shown to an hour.

PARKER, C. J. It appears clearly in this case, if the evidence is admissible, that the present writ was purchased, and the service of it commenced at least, before the other was issued. Had the other been dated on the day when it was actually issued, there could be no doubt that the purchase and service of it would furnish no cause for the abatement of this; but the prior pendency of this action might have been good ground for the abatement of that. The question then is, whether the plaintiff is precluded from showing the true time when the second writ was made, by reason of its having been dated back, (for what cause does not appear) so as to bear the same date with the present action.

The date of an original writ is not regarded here as a record of the time when it was actually issued. In this

respect it is similar to a latitat in England. 2 *Burr.* 950, 962, *Johnson* vs. *Smith ;* 1 *Black. Rep.* 215, *S. C.* This subject was considered 2 *N. H. R.* 230, *Soc. for Prop. the Gospel* vs. *Whitcomb,* where it was held, that although the presumption is that the date of the writ is the true time when the action was brought, this is not a presumption of law which can not be rebutted, but a presumption of fact ; and it is there said that " the question may always be submitted to a jury, whether the action was not actually commenced prior or subsequent to the date of the writ."

It was there held that the defendant might show the true time of filling up the writ, for the purpose of defeating the action, by showing it was not brought in season.

In 5 *N. H. R.* 225, *Robinson* vs. *Burleigh,* this doctrine is recognized. But it is there said, that where the day of the teste is the day when the writ was actually made out, that day must be considered as the day of the commencement of the action, and that neither party can be permitted to show under any circumstances that it was commenced upon any other day.

If the suit is not to be considered as commenced until the plaintiff elects to use his writ, this limitation is perhaps not a necessary one, although it may not be productive of essential injustice.

In this last case it is held, that although the writ is actually made at one hour of the day, when in fact no cause of action existed, it may be shown that it was not served until a different hour of the day, or after a demand and refusal. *See, also,* 6 *N. H. R.* 537, *Graves* vs. *Ticknor.*

These cases seem to establish the doctrine that the true time of issuing a writ may be shown as a matter of fact, even between the parties to the suit, and that any question upon the subject may be submitted to a jury.

It is contended, however, that those cases, properly understood, do not apply to a case like the present ; and that the doctrine is to be confined to such a state of facts as there

appeared—That the principle was resorted to in order to subserve the purposes of justice, and that the reason does not exist here. The position is taken, that if two writs between the same parties, for the same cause of action, are dated the same day, each may be pleaded in abatement of the other—that the date in such case is to be regarded as matter of record, and that the true time cannot be shown. Various authorities have been cited in support of this position. They seem to rest mainly upon two cases which have been cited in the subsequent authorities.

In *Pie* vs. *Coke, Hobart* 128, it appeared that two informations had been exhibited, by different informers, for the same offence, upon one day, "so there was no priority to 'attach the right of action in the one more than the other; 'and therefore the court advised them to plead the truth of 'his case; for it was sufficient to bar them both, inasmuch 'as there being no precedency of suit to attach it in either, 'the court could give judgment for neither." The same case is reported in *Moore* 864, where it is said the informations were preferred at the same time, and that the court adjudged he should answer neither. The authority of this case is very much shaken by Lord Mansfield, in *Combe* vs. *Pitt*, 3 *Burr.* 1434, 1 *Black. Rep.* 437; and if it is to be understood that the informations in that case were filed on the same day, but at different hours of that day, the case cannot be held as good law at the present time; for it surely would be unjust that the prosecution which was first instituted, and at the time well instituted, should be defeated because another person afterwards instituted another, for the same cause; and where the justice of the case requires it, the law regards the fractions of a day, and the hour may be shown. 5 *N. H. R.* 225; 6 *ditto* 557; 2 *Pick. R.* 625, *Gerrish* vs. *Mason*.

In the case cited from the Year Books, 5 *Mass.* 179, *note*, the matter arose *arguendo*, and was not the point of the case under consideration. Prisot laid it down, "that if one 'purchases two assizes against me bearing date the same day,

' and returnable on the same day, and the plaintiff appears to
' both, both shall abate ; and so of a *praecipe quod reddat*, and
' of a plea personal." But Danby denied this, and said " if the
' two writs bore the same date, and were returnable the same
' day, it is not true that both should abate : for if he would be
' nonsuit as to one, the other should stand, (which Nedham
' granted)."

As matter of authority, therefore, these cases fail to sustain
the position for which the defendants contend. If, however,
it may be understood that the informations, or other processes,
were filed, or commenced, not only upon the same day, but
at the same point of time on that day, it may well be that
the pendency of each may be used to abate the other, be-
cause in such case both cannot be prosecuted to judgment,
and there is no priority, in fact, to entitle either to be sus-
tained. Such may be presumed to have been the truth of
the fact in *Beach* vs. *Norton*, 9 *Conn. Rep.* 71, (*Vol.* 3, *new
series*) and in the case from Freeman, and Keble, there cited.
In those cases the actions were brought " at the same time."

In the opinion of Prisot, cited for the defendant, he says,
" if one purchases two assizes bearing date the same day, and
returnable on the same day, and the plaintiff appears to both,
both shall abate ;" and Chief Justice Parsons (5 *Mass.* 180)
says, " it would seem to be necessary here that the plaintiff
should enter his action, before his writ can be averred to be
pending in court so as to abate the subsequent writ." Wheth-
er this is so in this state it is not material now to consider.
An action is here regarded as pending, for some purposes,
after the writ has been served. 4 *N. H. R.* 385, 389, *Clin-
denin* vs. *Allen.*

If one writ was in fact purchased, and the action pending
before the other, the case comes within the general rule that
the prior action may be pleaded in abatement of the other,
unless, being dated the same day, the case forms an excep-
tion to the rule that the true time of issuing the writ may
be shown. But there seems to be little reason for such an

exception. If the date was to be regarded as matter of record for this purpose, there would be no contradiction of the record, where both writs bear date the same day, to aver and prove that one was issued at an earlier hour in the day than the other. If not regarded as matter of record, establishing conclusively the time when it was issued, why shall not the plaintiff be permitted to show the fact that one was instituted on an earlier day.

It is argued that the plaintiff himself ought not to be permitted to show that the second writ was made on a day different from that on which it is dated, because the proceeding is vexatious. This may be as true of all cases where two suits are commenced for the same cause of action; but this in ordinary practice does not furnish a reason for defeating both. The course is to plead the first in abatement of the other. If the date of the writ was to be regarded as a matter of record, furnishing conclusive evidence of the time when the action was commenced, then indeed the plaintiff must be precluded from contradicting it. But it cannot be so regarded, consistently with the cases first cited. If it was regarded as matter of record for this purpose, the defendant could not aver against it. And if it is not to be so regarded, no principle is suggested on which the plaintiff is to be precluded from showing the time when it actually issued. The incorrect date, it is true, may have been made in order to effect some fraudulent purpose; but it may also have been made by mistake, or with the most innocent intention. There does not seem to be any thing necessarily in its character to require us to estop the plaintiff from shewing the truth.

It has been further urged that the two writs bearing the same date, the defendant could not ascertain which to plead in abatement of the other; and that the plaintiff might in that way vex and harass the defendant. This argument at first appeared to possess much force; and if the defendant could not be relieved from this difficulty, it might furnish a good ground for holding the case to be an exception to the

rule that the true time of issuing the writ may be shown. But although there may be a difficulty, on the face of the papers, where two actions are pending for the same cause, bearing the same date, the defendant's rights may be secured without departing from the rule. In ordinary cases he may probably readily ascertain the priority, so as to plead to that which was in fact last issued. If he cannot, he may apply to the court, and the plaintiff be called upon to furnish evidence that one of the suits was in fact commenced before the other : and if this is not shown, the court may well adjudge that the defendant shall answer neither, (*Moore* 864 ; *Com. Digest, Abatement, H.* 24 ;) or, in other words, may quash the writs upon motion.

Where both writs were in fact issued at the same time, we are satisfied that the rule suggested in the cases will well apply, and that each suit may be pleaded in abatement of the other. Neither having precedency in such case, the plaintiff, not being entitled to maintain both, ought not to maintain either ; and the court might in its discretion quash both, upon motion, for irregularity, or as a vexatious abuse of the process of the court, although the writs are not judicial. 2 *Burr.* 966.

*Judgment for the plaintiff.*