# BENNETT *v.* CHASE.

In general, to sustain a plea in abatement, of a former action pending, it is necessary that the cause of action and the plaintiff be the same in both suits.

Where G., on the day of the date of a promissory note, of which he was the payee and holder, commenced a suit against C. upon the same note, and three days thereafter indorsed the note to B. and B. sued the same: *Held*, that a plea in abatement, of another action pending, which set forth these facts simply, was insufficient.

Whether, if the plea had alleged that the cause of action was the same in both, that the interests of the plaintiffs were the same, and that the second suit was commenced by the plaintiff in the first by the name of the plaintiff in the second, it would have been sufficient, — *quœre?*

Whether by the practice of the courts in this State it is necessary in a plea in abatement, of a former action pending, to have it contain the allegation "as appears by the record," or "by the records and files of the court," unless the action has been actually entered, — *quœre?*

Whether, after an action has been commenced and an attachment made of the defendant's property, but no summons left and the action not entered, a plea in abatement, of another action pending can be sustained upon such facts, — *quœre?*

ASSUMPSIT, on a promissory note, dated May 4th, 1849, signed by the defendant, for the sum of $250.16, payable to one Joshua Getchell or order on demand, and by said Getchell indorsed to the plaintiff. The writ was dated May 7th, 1849.

The defendant pleaded in abatement as follows: "And the said Charles F. Chase comes and defends, &c., when, &c., and prays judgment of the plaintiff's writ aforesaid, and that the same may abate, because he says, that on the 4th day of May, 1849, one Joshua Getchell, being the owner and holder of a certain promissory note against the said Chase, bearing date on the 4th day of May, 1849, for the sum of two hundred and fifty dollars and sixteen cents, and payable to the said Getchell or his order on demand with interest, purchased out of the clerk's office of the Court of Common Pleas for said county, a writ of attachment in due form of law against the said Chase, returnable to this present term of this Court, and therein declared against him in a plea of the case, and for the same cause of action in the plaintiff's declaration aforesaid mentioned, and caused the property of the said Chase to be attached thereon, and the said Chase says, that at the time of the purchase of the said writ of the said Getchell, to wit, on the 4th day of May, 1849, the said Getchell was the lawful owner and holder of said note, and lawfully commenced said action for the purpose of recovering judgment against him for the contents of said note, and that at the time of the commencement of this action of the plaintiff against the said Chase, to wit, on the 7th day of May, A. D. 1849, the

said action of the said Getchell above mentioned, was still pending and undetermined, and the said Chase, named in both actions aforesaid as defendant, is the same person, and not other or different, and that the said Bennett, named as plaintiff in this action, is the assignee or indorsee of the note aforesaid of the said Getchell, named as plaintiff in the said action of the said Getchell first above mentioned, and that this action of the plaintiff is brought to recover judgment against the said Chase for the contents of the same note, to recover which the said action of the said Getchell against him was brought, and not other or different; and this he, the said Chase, is ready to verify : Wherefore he prays judgment of the plaintiff's writ aforesaid, and that the same may be abated, and for his costs."

To this plea the plaintiff interposed the following demurrer : " And the plaintiff says that the said plea of the said defendant is not sufficient in law to abate his, the plaintiff's said writ, and that he is not by law bound to answer the same ; and this he is ready to verify. Wherefore he prays judgment that the defendant may answer further to the said writ," &c.

And the plaintiff shows to the Court the following causes of demurrer.

1. That it is not in said plea alleged that the commencement or pendency of said alleged prior suit of Joshua Getchell against said Chase, appears by the record or files of said Court of Common Pleas.

2. That it is not in said plea alleged that said former suit of the said Joshua Getchell against the said Chase was pending at the time of the commencement of this present action, or at any time.

3. That it is not in said plea alleged that the said Joshua Getchell, the plaintiff in said former suit, and the said John S. Bennett, the new plaintiff, are one and the same person, nor that the parties in said former suit and in this present suit, are the same persons, nor even that the parties in interest in the two suits are the same persons.

4. That said plea is uncertain in this, that it alleges that the said Bennett is the assignee or indorsee of said note, leaving it uncertain which he is, assignee or indorsee.

5. That it appears in and by said plea, that the plaintiff in said former action, namely, said Joshua Getchell, and the said John S. Bennett, the new plaintiff in this suit, are not one and the same persons, but are other and different.

6. That it is not in said plea alleged that said writ, sued out by said Getchell against said Chase, was ever served upon, or pending against, said Chase, but only that his property was attached thereon.

7. That it is not in said plea alleged that said John S. Bennett, at the time his action against the said Chase was commenced, had any knowledge of the commencement of the said former suit of said Joshua Getchell against said Chase.

8. Also that said plea is, in other respects, uncertain, defective, informal, and insufficient."

To this demurrer there was a joinder, and the questions thus presented by the pleadings were transferred to this Court for determination.

*Chapman, Wood,* and *Christie,* for the plaintiff.

I. The plea is bad, in that it does not allege that the commencement or pendency of the former suit, or the identity of the cause of action in the two suits, appears of record. To this point we rely,

1. On the fact that the *forms* or *precedents*, in all the books, require both these allegations, with a "*prout patet per recordum.*" 2 Chit. Plead. (ed. 1809,) 418 ; 3 Chit. Plead. (ed. 1840,) 904 ; 1 Saund. Plead. & Ev. 18 ; 1 Lillie's Entries, 7 ; Story's Plead. 120, 121. It should be so pleaded before the original writ is entered on record. *Armitage* v. *Rowe*, 12 Mod. Rep. 91. Where the plea contains a "*prout patet per recordum,*" it is sufficient to satisfy such plea if the writ be produced. 1 Chit. Plead. (ed. 1840) 462.

2. The plaintiff has a right to oyer of the record of the former suit, and has also the right to reply to such a plea, "*nul tiel record;*" neither of which can be had unless the plea contains these averments, and that they appear of record. 1 Saund. Plead. & Ev. 18 ; 1 Comyns's Dig. Abat. H. 24 ; 1 Bacon's

Abr. Abat. M. 24; *Clifford* v. *Cony*, 1 Mass. 502, where it is said, "as there is no reference to the record, and as the party has the right of replying no such record, which he cannot do in this case for want of such reference in the plea, the plea is bad."

II. To the second cause of demurrer, we say,

1. The case does not present our objection precisely; the words, "in court," should be inserted after the word "pleading" in the first line of the third page of the printed case. But every objection may be taken advantage of on general demurrer. It is not necessary to assign any special causes in demurrer to pleas in abatement. 1 Chit. Plead. (ed. 1840) 465; *Clifford* v. *Cony*, 1 Mass. 502.

2. It is necessary to aver that the former action was pending in court at the commencement of the subsequent suit. 1 Chit. Plead. (ed. 1840) 454; *Commonwealth* v. *Churchill*, 5 Mass. 180; Comyns's Dig. Abat. H. 14, 24; Bacon's Abr. Abat. M. See also all the forms or precedents cited above.

III. To the third and fifth causes of demurrer, we say, it is perfectly clear, that unless the parties to the two actions are the same, this plea must be held bad; even though the cause of action is the same. In 1 Saund. Plead. & Ev. 20, it is said, "It is no plea, that another action is depending for the same cause, at the suit of another person." 2 Term Rep. 512; Comyns's Dig. Abat. H. 24, or against another person, Hob. 137.

This plea cannot be sustained, unless the plaintiff be the same in both actions. 1 U. S. Dig. p. 7, § 160; *Logs of Mahogany*, 2 Sumner, 589; *Davis* v. *Hunt*, 2 Bailey, 412.

To an action brought by an indorsee of a promissory note, the defendant pleaded in abatement the pendency of a prior action against him upon the same note, brought by the payee of the note in his own name while he was owner of the note, and before any indorsement of it had been made. *Held*, that the plea was insufficient. 4 U. S. Dig. p. 3, § 50; *Thomas* v. *Prulon*, 17 Verm. Rep. 138.

The rule is, whenever it appears of *record* that the plaintiff has sued out two writs against the same defendant, for the same thing, the first not being determined, the second shall abate;

Bennett *v.* Chase.

but it must appear plainly to be for the same thing and between the same parties.    5 Dane's Abr. 712, ch. 176, § 1, art. 14, and authorities there cited.

IV. To the sixth cause of demurrer we insist on the position, that an action is not pending in the sense required to abate a subsequent action, unless the writ has been served on the defendant.    The statute points out distinctly in what such service shall consist.    The attachment of property is not that service.    *Nelson* v. *Swett*, 4 N. H. Rep. 256.    So an attachment by trustee process will not abate a subsequent writ for the same cause. *Winthrop* v. *Carlton*, 8 Mass. 456 ; Com. Dig. Abat. H. 24. Until the writ has been served on the defendant, the plaintiff may make alterations in it and not be guilty of forgery.    *Society for Propagation of the Gospel* v. *Whitcomb*, 2 N. H. Rep. 230; *Sloan* v. *Wattles*, 13 Johns. 158.

In Vermont it is held, that the writ must be served and returned before an action is to be considered as commenced. *Day* v. *Lamb*, 7 Verm. Rep. 426.    So in Connecticut.    *Perkins* v. *Perkins*, 7 Conn. 558.    So in Massachusetts.    *Commonwealth* v. *Churchill*, 5 Mass. 180.

But, on principle, this plea never can prevail, except in cases where the latter suit is vexatious.    Gould's Plead. 285, § 125.    And in this case, the plaintiffs being different persons, no such vexation can be inferred, and none is suggested in the case.

*Stickney & Tuck* and *Marston*, for the defendant.

The general doctrine is well settled, that the pendency of a prior action is a good cause to abate a subsequent writ for the same cause of action.    It is unnecessary to cite authorities in support of this proposition.

Another principle well settled is, that a demurrer admits all the facts stated in the declaration or plea which is demurred to. Consequently the demurrer in this case admits all the facts alleged in the plea.    It is alleged in the plea that Getchell, being the owner of a certain note against the defendant, commenced an action against him upon the note in due form of law,

Bennett *v.* Chase.

and caused his property to be attached thereon; that, at the time of the commencement of this action of the plaintiff, the said action of Getchell was still pending and undetermined; and that this action of the plaintiff against the defendant was upon the same note, and for the same cause of action, that Getchell's was. The demurrer therefore admits these facts. It cannot now be denied or controverted by them, that Getchell's action against the defendant was pending when this action was commenced, nor can it be said by them that Getchell's writ had not been served upon the defendant, so as to be pending against him. It is not necessary, and is not usual in pleas of abatement, to allege that the writ has been served upon the defendant, or that his property has been attached. The principal matter alleged is, that an action had been commenced and was pending for the same cause; that is the whole gist of the matter. If they deny that an action was pending, they should reply specially that no such action was pending. The defendant could then take issue upon and try that question. But they demur to the plea, and thereby admit the pendency of the prior action as alleged. It does not appear whether a summons was left or not, and it is immaterial in this case.

Upon the well-settled principle, that the pendency of a prior action is a good cause to abate a subsequent writ for the same cause, it would seem that the pendency of Getchell's action is good cause to abate this writ.

We think that the question, when an action is so pending in this State as to abate a subsequent writ for the same cause, does not properly arise in this case, inasmuch as the demurrer admits the pendency of the prior action, as alleged. But if that matter is considered, our position upon that point is, that an action is pending in this State, so as to abate a subsequent writ for the same cause, when the writ has been served by an attachment of the defendant's property.

The action may be said to be pending, for some purposes, from the date of the writ; but it is said that, until some service be made of it, the writ is under the control of the plaintiff, and may be altered or destroyed at his pleasure. But when the plaintiff

has put his writ into the hands of an officer, and caused the property of the defendant to be attached upon it, it is no longer within the power of the plaintiff; it is then in the custody of the court, and beyond the control of the plaintiff, and he cannot then alter or withdraw it. Any alteration in the writ after that time would be a forgery. *Clendenin* v. *Allen*, 4 N. H. Rep. 385.

According to the principles of that case, the action of Getchell was pending when he caused the defendant's property to be attached on his writ. He had then elected to proceed with his suit; the defendant had become a party, and had acquired rights in the suit. His property had been attached and taken from him. It can make no difference whether the defendant had received a summons or not. The reasons for holding the action pending after his property has been attached are full as strong as they are for so holding after he has received a summons. *Society for Propagation of the Gospel* v. *Whitcomb*, 2 N. H. Rep. 231; *Robinson* v. *Burley*, 5 N. H. Rep. 225.

In Bacon's Abridgment, tit. Abatement, K., it is said, that " the law abhors multiplicity of actions, and therefore whenever it appears of record that the plaintiff has sued out two writs against the same defendant, for the same cause of action, the second writ shall abate; for if it were allowed that a man should be twice arrested, or twice attached by his goods for the same thing, by the same reason he might suffer *in infinitum;* and it is not necessary that both should be pending at the time of the defendant's pleading in abatement, for if there was a writ in being at the time of suing out the second, it is plain that the second was vexatious, and ill *ab initio.*"

•The reason here assigned for abating the second writ is, that a man shall not be twice vexed, or twice attached by his goods for the same cause. Now when a man has been once sued and had his goods attached, it is plain that a second suit for the same thing is vexatious, whether the first action has been entered in court or not, or whether a summons has been left or not with the defendant. It is just as vexatious in one case as the other, and the reason for abating the second writ applies with equal force

where the goods have been attached merely, as where the first action has been entered.

The object of the law is to protect defendants against vexatious suits; that object cannot be accomplished in any other way than by holding that, after the plaintiff has made his election and once attached the defendant's goods, he shall not be allowed to commence another action for the same cause. *Davis* v. *Dunklee,* 9 N. H. Rep. 545 ; *Judge of Probate* v. *Colcord,* 2 N. H. Rep. 36.

We will now consider the special causes of demurrer.

1. We contend that it is not necessary to allege in the plea, that the commencement of the first action appeared by the records and files of the court, and for the reason, that the issuing of a writ is not a matter of record. According to our practice, the clerk furnishes attorneys with blank writs, and they fill them out as they have occasion, but there is no record made of the issuing of the writ. How then can it be necessary to allege in the plea, " as appears by the records and files of the court," when it does not so appear, and never does by our practice ? We believe sufficient is alleged in the plea to show that the action had been duly commenced and was pending, and that is all that is necessary.

2. We say that it is alleged in the plea, that the action of Getchell was pending at the time of the commencement of the present action.

3. We contend, that it was not necessary to allege in the plea that the plaintiffs in the two actions are the same persons, nor that the parties are the same in interest. The true test is, whether the cause of action is the same in both suits, and if it is, the second action is abatable, because it is just as vexatious to the defendant as if it had been brought by the same plaintiff. The reason of the rule applies with all its force to cases of this kind. In Bacon's Abridgment, tit. Abatement, K., it is said : " The law is so watchful against vexatious suits that it neither suffers two actions of the same nature to be pending for the same demand, nor even two actions of a different nature." And in the notes, " Therefore it is a good plea in trespass that the plain-

tiff has brought replevin for the same thing, because in both cases damages are to be given for the caption." "In trespass against two defendants, they both pleaded in abatement another bill of trespass against one of them, held, plea good as to both." It is not necessary, therefore, that the parties should be the same in both actions, nor that both actions should be of the same nature.

In *Commonwealth* v. *Churchill*, 5 Mass. 174, it was held, that the pendency of a *qui tam* action might be pleaded in abatement to an indictment for the same penalty. It was objected in that case that the rule applied only to cases where two writs are sued for the same cause by the same plaintiff; but Chief Justice *Parsons* says, "The reason of the law applies to these cases, which is to prevent a man from being vexed twice for the same cause, and the principle, by applying the rule, extends to these cases." The bringing of the second action in the name of the indorsee is a mere attempt to evade the law. It can make no difference in principle whether the plaintiffs are the same in both actions, or different persons. The effect upon the defendant is the same in each case.

There was no necessity of this second suit by Bennett, because Bennett was entitled to the action commenced by Getchell. When Getchell transferred his note to Bennett, he transferred the action with it. The action was an incident to the debt, and when the debt was assigned the action passed with it, and Bennett had the right to prosecute the action in Getchell's name, even without the consent and against the will of Getchell.

4. We contend, that it is immaterial whether it be assignee or indorsee. If the word assignee only had been used, it would have been good; and so if the word indorsee only; and if both words, assignee and indorsee, had been used, it would have been good. The meaning is the same whether it be assignee, or indorsee, or both.

5. The remarks made upon the third cause of demurrer will apply to this.

6. We contend, that it is sufficiently alleged in the plea, that the writ had been served. It is not necessary to say in so many

words that the writ. was served on the defendant. We state what has been done, and that amounts to a service. The court will draw the inferences of law from the facts stated. But we contend further, that it was not necessary to allege in the plea, that the writ had been served upon the defendant, or that his property had been attached. The material matter necessary to allege in the plea was, that the prior action was pending when this action was commenced, and that is fully and distinctly stated.

7. We contend, that it is not necessary to allege in the plea that Bennett knew, at the time of commencing his action, that Getchell had commenced the former suit. But if he did not know it, and that is deemed material, they should have replied that matter specially, so that the defendant could take issue upon it. They cannot take advantage of it upon demurrer.

EASTMAN, J.   As a general principle, pleas in abatement are not regarded by courts with much favor.  A multiplicity of suits is also said to be abhorred by the law ; and where a case of a vexatious character is made out, it is regarded with less favor than pleas in abatement, even for formal and trivial defects.

In the case before us, a plea in abatement is interposed to the plaintiff's suit, based upon the pendency of a former suit against the defendant for the same cause of action.   The plea sets forth in substance, that one Getchell, on the 4th of May, 1849, commenced a suit against the defendant, upon a promissory note given by him on that day to said Getchell, and caused the defendant's property to be attached thereby.   And that on the following 7th day of May, while Getchell's action was still pending, this present suit was commenced by the plaintiff, Bennett, for the same cause of action on the same note.   It also alleges that Chase is the same defendant in both actions, and that Bennett is the assignee or indorsee of said Getchell.   The plea does not set forth that the commencement or pendency of the first suit appears by the records or files of the court, nor does it allege in terms that the writ was served, but only that an attachment was made.

To this plea there is a demurrer, and several causes are

assigned. They are substantially these: that the plea does not allege that the commencement or pendency of the action in favor of Getchell appears by the records or files of the court; that it does not allege that the writ was served, but only that property was attached; and that it does not allege that Getchell, the plaintiff in the former suit, and Bennett, the plaintiff in the present suit, are one and the same person, or that they are the same in interest.

In regard to the first position, we are aware that all the books of forms assume, that it is necessary to set forth in the plea that the commencement and pendency of the first suit appears of record. So far as our researches have gone, there is not an exception; but they invariably introduce the "*prout patet per recordum.*" In Lilly, Archbold, Saunders, Chitty, Story, we uniformly find such to be the fact. And in the several forms setting forth the pendency of a former action, all allege it to be, " as by the record, or as by the files and record of said court appears." There is also high authority for saying, that unless this is done, the plea is bad. *Clifford* v. *Cony*, 1 Mass. 495; 1 Saunders on Pl. & Ev. 18; Story's Pl. 120; 6 Mod. 122; Ld. Raym. 347; Carth. 417, 453; Bacon's Ab. 4 ed. Abat. K.

But, notwithstanding such are the precedents, and such also the authorities, yet we would suggest, whether in our practice, this allegation ought to be held as necessary to constitute a good plea, unless the facts of the case be in conformity with it. In the earliest practice of the courts of England, process was not issued except directly from the court or its officers, and consequently the records or files showed whether an action was commenced or not. Applications were made to the proper officers, a statement of the cause of action briefly set forth, process was issued, and fees paid. The forms first adopted have been varied from time to time in some respects, to conform to enactments of statutes and the changes of judicial proceedings. Yet a large number of the most ancient forms are still in use, both in England and America, embracing substantially the same matters as they did centuries since. And in many proceedings at the present day, in some courts in both countries, the record or files

show both the commencement and pendency of the action before entry of the same in court. In other jurisdictions it is held, that before a plea in abatement of a former action pending, can be successfully interposed, the first action must be actually entered and pending in court. *Commonwealth* v. *Churchill*, 5 Mass. 180. Or that the writ must be served and returned to the clerk's office. *Day* v. *Lamb*, 7 Verm. 426; *Perkins* v. *Perkins*, 7 Conn. 558. Thus, we apprehend, is the adherence to the introduction of this allegation into all the forms, in some measure to be accounted for.

In those courts and jurisdictions where the records or files show the commencement of the action, or in those where it is held, that before a plea in abatement can be filed, the first action must be actually entered and pending in court, or the writ must be returned to the clerk's office, there is good reason for adhering to the precedents, because the facts sustain the allegation. But where writs are filled out, and actions commenced before any record is made in the clerk's office, and nothing appears by the record or files till the entry of the action in court, as is the practice in this State, we do not discover the necessity or expediency of stating that in the plea, which in point of fact is not true. Should we adopt the doctrine of *Commonwealth* v. *Churchill* above cited, and hold that the first action must be actually entered and pending in court, or that the writ must be returned, before a plea in abatement can have any legal effect, the difficulty would be obviated. The practice in Massachusetts, in the commencement of actions, is very similar to our own, and if the averment of *prout patet per recordum* is to be held indispensable, there appears to us an evident propriety in that decision; for the plea is thus strictly conformable to the facts.

But we are not prepared to adopt the doctrine, that an action must be entered in court before a plea of another action pending can be successfully pleaded. Nor are we prepared to say, that a suit is not commenced for the purposes of sustaining a plea in abatement, when an attachment only has been made, but no summons left. For some purposes the time of the commencement of an action has been held to be when the blank writ is

filled. *Society for Propagation of the Gospel* v. *Whitcomb*, 2 N. H. Rep. 227. And in general the day of the test of a writ is the time of the commencement of the action. *Robinson* v. *Burleigh*, 5 N. H. Rep. 225. The issuing of the writ is the commencement of the suit, and it is sufficient if it appear, that the writ was made out and sent to the sheriff or his deputy by mail or otherwise with an absolute and unequivocal intention of having it served. 4 Cowen's Rep. 161 ; 18 Johns. Rep. 496. And where the replication to a plea in abatement of a former action pending, alleged that the first action was not commenced and pending at the time of the second action, it was held, that the true time of the commencement might be shown to be contrary to the date of the writ. *Davis* v. *Dunklee et al.* 9 N. H. Rep. 545. This decision turned upon the fact of the actual time of issuing the writ. But if the commencement of the action and filling up of the writ be not material to the defendant and he cannot take advantage of it until some action is had upon the writ, still an attachment of his property is a very different matter, and one that often affects his interests most seriously. The principle upon which pleas of this kind is sustained is, that they are vexatious. And we are not aware of any legal proceedings that can be more vexatious and, oftentimes, more destructive of a person's interests than repeated attachments of his property. To hold, therefore, that an action is not commenced and pending after a writ is sued out and the defendant's property attached, would be, as we view it, a departure from the object of the law in preventing multiplicity of suits. It would be adopting a principle that might subject a defendant to be. vexed and harassed by numerous attachments for the same cause of action, and yet none of them abate a subsequent suit.

Unless, then, we decide that the first writ must be served and returned or the action be entered in court before a plea can be interposed to the second suit, would it not be well to state the matter in the plea according to the truth and omit the allegation " as appears of record," in all cases where the action has not been entered or the writ returned ? If it be said, that the production of the writ will answer the allegation without having

recourse to the records and files of the court, it appears to us that it would be quite as well to set forth the matter according to the facts and then introduce the evidence upon issue joined, as to state the matter contrary to the facts, and then by a forced construction make the facts yield to the plea.

Without, however, coming to any definite conclusion as to the necessity of this allegation, or whether the plea of a former action pending can be sustained where an attachment only has been made, as the decision of these points is not necessary to the disposition of this case ; we will pass to the consideration of the other question raised by the demurrer, that the parties to the two suits are not the same. And this objection, we think, must be held fatal to the plea.

The actions are both brought upon the same note of hand, signed by the defendant, and dated May 4th, 1849. The first was commenced on the day of the date by Getchell, the payee of the note ; and the second was brought by Bennett, the present plaintiff, as indorsee or assignee of the note, on the seventh of May, three days after the date of the note and the commencement of the first suit.

In examining this question we have not been able to find any direct authorities to sustain the plea upon this point. There are a few cases which, at first, might seem to have some bearing that way, but which, upon closer examination, we think, will be found not to warrant the position. These authorities chiefly relate to *qui tam* actions, based upon penal statutes against those committing the offence, and where, consequently, different prosecutors may cause proceedings to be .instituted ; or upon statutes where an alternative penalty is attached, and double proceedings may be commenced. As there can be only one recovery, however, for the same offence, it is held, that the first proceedings must abate the second, even though the prosecutors be different. 3 Burr. 1423 ; Say. 216 ; 5 Co. 61 ; *Sparry's case*, Cro. Eliz. 261 ; Gilbert's Hist. of C. B. 205 ; *Commonwealth* v. *Churchill*, 5 Mass. 174. But, wherever the point has been distinctly presented, as in this case, the authorities all seem to require, that not only must the cause of action be the same, but the plaintiffs

also must be the same.    5 Dane's Ab. 712 ; *Logs of Mahogany*, 2 Sumner, 589 ; *Davis* v. *Hunt*, 2 Bailey, 412 ; 4 B. & C. 920 ; *Thomas* v. *Prulon*, 17 Verm. 138.    Some courts have also held, that where it is made to appear that the first action must have been ineffectual, its pendency shall not abate the second.    *Durand* v. *Carrington*, 1 Root, (Conn.) Rep. 355 ; Gould's Pl. 285 ; *Morton* v. *Webb*, 7 Verm. 124 ; 1 Root, 562. The suit of Getchell may have proved ineffectual, and the one in favor of Bennett may have been resorted to for the purpose of securing an honest debt, without any pretence of vexation.  How that is, we do not know, as nothing is disclosed by the pleadings in regard to it.    But, however the facts may be apart from what appears on the record, we see no good reason for departing from what is believed to be the authorities in the case.    This note was dated and sued on the fourth of May.    That suit was instituted by Getchell.    On the seventh of May, it is sued by Bennett. Now, for aught that appears, Bennett may have purchased the note and paid a full consideration for it.    It could not be considered a dishonored note only three days after its date ; and in the absence of fraud could not be subject to the same defence as when held by Getchell.    Perhaps, if the plea had stated, that the second suit was for the same cause of action, that the plaintiffs were identical in interest, and that Getchell by the name of Bennett had instituted the second suit, the truth of the matter could have been ascertained.    To such a plea, properly framed, a demurrer would admit the fact of identity both in the cause of action and in the plaintiffs.    And should issue be joined upon the allegations, it would then be determined whether they were one and the same or not.    But inasmuch as the plea states no identity of interest or person, and no knowledge by Bennett of the former suit, we think that it must be held bad ; that there must be judgment for the plaintiff upon the demurrer, and that the defendant must be held to answer over.

*Respondeas ouster.*