## THE STEAMER MEE FOO.

IN ADMIRALTY.   BEFORE JUDD, J.

JUNE, 1881.

A steamer having been libelled for quarantine expenses, a bond was given for her release, upon which a common law action was brought; the next arrival of the steamer, she was again libelled for the same cause of action:

Held, that as the common law suit was still pending, and the Admiralty suit was for the same cause of action, the latter must abate.

DECISION OF JUDD, J.

This is a libel and information in Admiralty by the Attorney-General against the Chinese steamship Mee Foo, her tackle, apparel and furniture, alleging that this steamship arrived in the port of Honolulu on the 2d of February last, with a large number of Chinese passengers on board, some of whom were ill and suffering from the infectious and dangerous disease of small-pox, and that, thereupon, the vessel, her crew and passengers were placed in quarantine by the Board of Health. That, there-upon, the vessel became liable to the Board of Health and the Government to pay all the expenses incurred by them in conse-quence of the quarantine; that, in order that the vessel might proceed on her voyage to San Francisco, it was agreed that she might be released on condition that the agents of the steamship, Messrs. Sing Chong & Co., and one Loo Ngawk, should enter into a bond to the Minister of the Interior, and the President of the Board of Health, in the sum of eight thousand dollars, to become void on the payment on demand of all expenses that might be incurred by the obligee of the bond, as he might deem reasonable and proper, in consequence of the existence on, or by reason of the introduction of, the small-pox by the said steam-ship.   That the bond was executed and the steamship released.

That the Board of Health have expended the sum of $5,119.50 in consequence of the quarantine, and payment of this sum has been demanded from the obligors of the bond, who have refused to pay. That the said steamship has returned to and is now in the port of Honolulu, and is by law charged with and liable to pay this demand. The prayer is for attachment, for decree for the said sum of $5,119.50, and that the ship be condemned and sold to pay this sum and costs. The vessel was attached, and released on the filing of a satisfactory bond. The answer of the Master, among other things, alleges that the libellant in this case did, on the 5th day of May, bring an action in the Supreme Court against Sing Chong & Co. to recover the said sum of $5,119.50, to which they have pleaded, and that said action is for the same identical causes of action in this suit mentioned, and prays that the libel may be dismissed.

An inspection of the record of the suit referred to discloses that it is an action by the Minister of the Interior and President of the Board of Health against Sing Chong & Co., and Loo Ngawk, to recover the sum of $5,119.50 expended by the Board of Health in consequence of the quarantine of the Mee Foo, and for the payment of which the bond of $8,000 was given by the defendants.

The question is if this libel shall be abated by reason of the pendency of the suit at law.

In 1 Bacon's Abridgment, p. 29, the doctrine of law appears as follows:

"The law abhors multiplicity of actions, and therefore whenever it appears on record that the plaintiff has sued out two writs against the same defendant for the same thing, the second writ shall abate." It is further there said that "the second writ must plainly appear to be for the same thing." In the note to this text it is said: "By the same cause of action is meant what will be supported by the same evidence."

Chitty says, "In general the pendency of a former action must be pleaded in abatement." 1 Chitty, Pl. *454.

In *Commonwealth vs. Churchill*, 5 Mass.176, Parsons C.J., says:

"It is very well known that a man cannot bring a second action for the same cause for which he has a prior action pending."

The argument is made for the libellant that these actions are not identical, that a bond was given to release the vessel, and that the condition in this bond to pay whatever expenses might be incurred in consequence of the small-pox being on the Mee Foo, has not been fulfilled, and the Government is remitted to its original condition and can now hold the steamship liable, as it could have primarily. It seems to me that the answer to this is the fact that the Government did accept a bond in lieu of holding the vessel and has brought its action on that bond to recover the money, and cannot now assume its original position. Are the actions identical? Both actions are brought by the Government, the first one by the Minister of the Interior and President of the Board of Health for the Government, and the second is a libel and information by the Attorney-General in behalf of the King and Government. The first suit is against the obligors of the bond, who are the agents of the Mee Foo, but who substituted their personal liability in place of the vessel. This libel is against the vessel herself. These differences are technical. The two actions are by the same party, the Government, to recover the same sum of money expended in the same behalf, to-wit, the expenses incurred by the Board of Health in consequence of the presence of the small-pox in the Mee Foo.

To apply the test given in Bacon's Abridgment, the evidence to support one case would support the other.

As I am of opinion that the previous action now pending is for the same thing as the one now before me, the present action must abate.

Decree accordingly.

*E. Preston,* for libellant.

*A. S. Hartwell,* for respondent.

Honolulu, June 30th, 1881.