Bancroft v. Eastman.

Ezra W. Bancroft, appellant, v. Harry E. Eastman, appellee.

*Appeal from Jo Daviess.*

> | 7 | 259 |
> | 96a | ³441 |
> | 2g | 259 |
> | 106a | ²148 |

A motion to discharge bail, and let the *capias* stand as a summons, is addressed to the discretion of the Court, and its decision cannot be assigned for error.

A plea of another action pending between the same parties for the same subject matter, should contain an averment that the former suit was still pending at the time of the plea being filed.

A plea in abatement being verified by the affidavit of the defendant's attorney, a motion was made to strike the same from the files, which motion was sustained: *Held,* that it was properly sustained, the statute of Dec. 30, 1826 requiring the affidavit to be made by the defendant himself.

By the Revised Statutes, a plea in abatement may be verified by the party offering it, or by some other person for him.

Assumpsit in the Jo Daviess Circuit Court, commenced by *capias,* brought by the appellee against the appellant, and heard before the Hon. Thomas C. Browne, at the March term 1845.

The affidavit, upon which the *capias* issued, was made by Ben. C. Eastman, against the plaintiff, and sworn to before the Hon. Charles Dunn, Chief Justice of the Supreme Court of Wisconsin Territory, but unaccompanied by any evidence of his official character. No specific sum was set forth in the affidavit as being due to the plaintiff, nor was it stated that the plaintiff was a non-resident, &c. For these reasons, the counsel for the defendant below made a motion to discharge the bail bond, and let the *capias* stand as a summons. This motion was denied by the Court, and an exception taken.

Subsequently, the defendant filed a plea in abatement, averring the pendency of another and former suit in the same Court, between the same parties, for the same promises and undertakings, and referred for verification of the same to the records of the Court. It was also verified by the affidavit of the defendant's attorney. After this plea was filed, the plaintiff's attorney moved the Court to strike the same from the files for want of a proper verification, &c. The motion

was allowed, and the plea stricken from the files. The defendant excepted thereto.

The defendant not answering further, a default was entered, and the clerk assessed the damages at $114·16, for which sum judgment was rendered by the Court.

*O. C. Pratt*, for the appellant, made the following points:

I. The Court erred in refusing to discharge the bail bond, taken by the sheriff, and let the *capias* stand as a summons merely, because,

1. There was no sufficient affidavit before the clerk, at the time the *capias* issued, to warrant him in directing the sheriff to hold the defendant to bail.

2. The Circuit Court had no right to take judicial notice that Charles Dunn was a Judge of a Court of record in Wisconsin Territory; nor had said Circuit Court a right to take judicial notice of the signature of said Dunn, without legal proof thereof accompanying said affidavit.

II. The Court erred in ordering the plea in abatement in said case to be stricken from the files, because,

1. Said plea was interposed at the earliest moment any plea whatever could have been called for, after the cause of action was made known in the plaintiff's declaration.

The declaration was filed in vacation on the 22d day of February, 1845, and the plea was interposed on the 26th day of March next thereafter, at the first term of the Court after the interposition of said declaration. *Shepard* v. *Ogden*, 2 Scam. 260.

2. No affidavit verifying said plea was necessary. It contained matter of record, as a reason for quashing said suit and declaration, and referred for verification to the records of the same Court, where said plea was interposed.

3. But·if a verification of it was necessary by affidavit, this plea was sufficiently verified in law. The truth of the matters set forth was furnished by the affidavit of the attorney of the person interposing the plea. An affidavit required by statute to be made even by a party is good, if made by his attorney.

Bancroft *v.* Eastman.

Our statute relative to pleas in abatement does not require the party to make the affidavit. It only requires him to file an affidavit. Any body can make it who knows the facts, and as all motions and pleadings of a formal character in Court are properly made by his attorney, the statute has been sufficiently complied with.

4. The plea in abatement was good. The pendency of a prior suit, between the same parties for the same cause of action, at the time the latter was commenced, if pleaded in abatement, will abate the second suit. 1 Chitty Pl. 487; *Commonwealth* v. *Churchill*, 5 Mass. 174. Even a discontinuance by nonsuit before the plea pleaded will not aid the plaintiff.

*C. Gilman,* and *E. B. Washburne,* for the appellee.

A motion to discharge bail is addressed to the sound discretion of the Court, and its decision upon such a motion cannot be assigned for error. It is upon a point collateral to, and in no way growing out of, or connected with the subject matter of the suit. *Bruner* v. *Ingraham,* 1 Scam. 556.

The motion to strike the plea in abatement from the files was properly sustained.

The plea is not sworn to by the party. The law under which the plea is filed, provides that no plea in abatement shall be received, "unless the party offering the same, file an affidavit of the truth thereof." R.'L. 59 §1. Here is a difference between our statute and the statute of 4 and 5 Anne. The latter provides, that no plea shall be received, "unless the party offering such plea do by affidavit prove the truth thereof." The party putting in the plea could prove its truth by any person knowing the facts; but our statute requires that the party himself shall file the affidavit. There being no "affidavit, or a defective one, the plaintiff may treat it as a nullity, or move the Court to set it aside." Chitty's Pl 497.

The affiant states that the plea is true to the best of his knowledge and belief. It should state that it is "true in substance and in fact." An affidavit must be positive. Chitty's Pl. 497; Bac. Abr. title, *"Abatement."*

Neither the plea nor affidavit is entitled as of any term; that is necessary. 1 Chitty's Pl. 495.

The utmost strictness is required in pleas in abatement. They are dilatory pleas, and are looked upon with suspicion. They will not be sustained by any intendment in their favor. They must be pleaded in precise, technical form, and it is not enough that matter in abatement be contained therein. Per Sutherland J., 13 Wend. 495.

But it is contended that this is one of the pleas where its truth appears of record. How can it appear to the Court on the inspection of the record, that this was a suit for the same cause of action? Whether or not it be the same cause of action, is a matter of fact to be tried like any other issue of fact. Like the statute of 4 and 5 Anne, our statute extends only to such matters as are *dehors* the record. Under that statute, such matters as appeared of record, and where an affidavit was not necessary, were determined to be, the want of an addition in an original writ, or privilege as an attorney of the same Court, because, in the first instance, the defect of the writ is apparent on the face of it and in the latter, the Court may, upon examination of their own record, ascertain the truth of the plea. 1 Chitty's Pl. 496. But if this be one of those pleas where the matter is apparent of record, and an affidavit not necessary, then the plea is improper. The plea should conclude with a *pout patet per recordum.* 1 Chitty's Pl. 590; Com. Dig. E. 29.

A plea of another action pending for the same cause, must also be pleaded with a *prout patet per recordum.* *Commonwealth* v. *Churchill,* 5 Mass. 174. It must be verified by affidavit, otherwise it may be treated as a nullity. 3 Halsted, 83.

The plea does not show, as it should, that the prior suit was still pending at the time of the plea being filed. Upon this point, it is true, there is a conflict of authorities; but this Court must determine the question in order to regulate its future practice. *Green* v. *Watts,* 1 Lord Raym. 274; Bezaliel Knight's case, 2 do. 1014; S. C. 1 Salk. 329; Holt, 255; *Rex* v. *Stratton,* Douglass, 240; 1 Went. 8; see, also, the precedent for this plea in 2 Chitty's Pl. 903; *Marston*

v. *Lawrence,* 1 Johns. Cases, 397. The Supreme Court of Massachusetts has decided both ways. The first case is *Clifford* v. *Corey,* 1 Mass. 495, and it lays down, as we contend, the true and proper rule of pleading. In the second case, *Commonwealth* v. *Churchill,* 5 Mass. 179, the rule is changed. In the valuable notes to this case, one from the Year Books will be found, wherein the opinions of the Judges are briefly given. The doctrine for which we contend, is laid down by Justices Moile and Ashton, and the annotator thinks that theirs is the better doctrine. We feel confident that this Court will arrive at the same conclusion.

The Opinion of the Court was delivered by

KOERNER, J.* Eastman, the appellee, commenced the suit below by *capias.* A motion was made by defendant's counsel to discharge the bail, and let the *capias* stand as a summons, which was overruled, and the decision overruling said motion is one of the errors assigned. This motion was addressed to the discretion of the Court, and error cannot be assigned on its decision. *Bruner* v. *Ingraham,* 1 Scam. 556, where this point is expressly decided. After the overruling of said motion, defendant filed a plea in abatement, setting forth the pendency of another suit between the same parties for the same subject matter, at the commencement of the present suit, which plea was verified by the affidavit of a third person. On motion of the plaintiff's counsel, the Court ordered the said plea to be stricken from the files, and the defendant saying nothing further, judgment by *nil dicit* was rendered against defendant, the allowing of which last motion is another error assigned.

The merits of the plea are not properly before us, but as the parties are willing that the plea itself may be considered on this motion, and have fully argued the point, we have no hesitation in deciding that there ought to have been an averment that said former suit was still pending at the time of the plea being filed.

* WILSON, C. J., did not sit in this case.

The authorities on this point are conflicting, but we prefer the rule just laid down, as being peculiarly adapted to our present mode of proceedings in Court, by which a party has no right to have his cause dismissed in vacation, and as resting on better reasoning and authority. *Clifford* v. *Corey*, 1 Mass. 495; note to *Commonwealth* v. *Churchill*, 5 do. 179; *Green* v. *Watts*, 1 Lord Raym. 274; *Bezaliel Knight's Case*, 2 do. 1014; S. C. 1 Salk. 329; 1 Went. 8; *Marston* v. *Lawrence*, 1 Johns. Cases, 397; Douglass, 240; 2 Chitty's Pl. 903. CONTRA, *Commonwealth* v. *Churchill*, 5 Mass. 179; 2 New Hamp. 36; 3 Roll. 320. As regards the motion to take the plea from the files for informality, we are of opinion that it was properly sustained for want of such a verification, as the law requires. The phraseology of the statute of Anne, ( 4 & 5 Anne, c. 16, § 1), under which it has been held that a third person may make the affidavit, is somewhat different from that used in the Act of our legislature relating to pleas in abatement. The former provides, that "no dilatory plea shall be received by any Court of record, unless the party offering such plea, do, by affidavit, prove the truth thereof;" or show some probable matter to the Court, to induce them to believe that the fact of such dilatory plea is true, while our statute says, that "the party offering the same shall file an affidavit of the truth thereof." R. L. 59, § 1. We are of opinion, that the affidavit to a plea in abatement under the laws in force when this was made, must be made by the defendant himself. Since this case was decided in the Court below, our legislature had essentially changed the language of the previous law, by providing, "that no plea in abatement shall be received by any Court in this State, unless the party offering the same, or some other person for him, file an affidavit of the truth thereof." Rev. Stat. ch. 5, § 1. It appears, then, that the legislature did not consider the former law as authorizing a third person to make the affidavit. The last error assigned has been abandoned on the argument, and is not maintainable.

Judgment below must be affirmed with costs.

*Judgment affirmed.*