## CLARK *v.* LISBON.

The neglect of a town to erect and maintain guide posts at all intersections of highways within its limits, is one entire offence, and a separate penalty does not accrue for each intersection of roads at which the town has neglected to erect the guide-post.

Where several actions for the recovery of a penalty have been simultaneously commenced, they will be quashed on motion.

There is no precise time fixed by the practice of the court within which a motion to quash must be made; but being addressed to the discretion of the court, it will be required to be made at a time which, under the circumstances of the case, shall seem reasonable.

Several actions were commenced before a justice of the peace, to recover penalties for not keeping guide-posts at several intersections of roads during the same period. The general issue was pleaded, and the suits came to the court of common pleas upon appeal, where a motion to quash was held to be seasonable, and prevailed.

DEBT. There were four several actions. Each was to recover a penalty of twelve dollars, for not erecting and keeping in repair a suitable guide-post or guide-board from the 4th of November, 1844, to and including the 4th of November, 1845, in a place indicated in the writ. The

suits were commenced and served at the same time, and are for the neglect at different intersections of roads. They were originally commenced before a justice of the peace, and the defendants pleaded the general issue. They came to the court of common pleas by appeal, August term, 1846, where the defendants moved that the suits be quashed.

*Bellows*, for the plaintiff.

A motion to quash is in the nature of a dilatory plea, for defects apparent on the record. It comes too late, as it does not go to the jurisdiction of the court.

The general issue was pleaded below, and the motion cannot be made in actions which have been pleaded to. *Simons* v. *Metcalf*, 1 Met. 510.

*Morrison*, for the defendant. The plaintiff amended his writs at the last term of the court of common pleas. There has been no plea since. This is a matter addressed to the discretion of the court. No practice has been established fixing the time for making it.

WOODS, J. These four several actions are brought, each to recover the penalty prescribed by law against towns that fail to erect and keep in repair, at the intersections of the roads within their limits, suitable guide-posts. Each writ describes and sets out the neglect of the town to provide such conveniences at a particular point of intersection indicated in the writ, and each writ describes a different point from those indicated in the other writs; and the plaintiff claims the penalty as having accrued to the prosecutor for each case of neglect, or rather for as many places as his several writs describe, in which the town had unduly omitted to erect the proper post-guides.

By chapter 62, section 2 of the Revised Statutes, " If any town shall neglect to erect or keep in repair such guide-post or guide board at each intersection of the highways therein,

they shall forfeit, for each month's neglect, the sum of one dollar, to be recovered by any person who will sue for the same, for his own use."

It has been decided, upon the construction of this statute, that only one penalty is forfeited by the town for neglecting to provide all the required guide-posts, and that a separate penalty does not accrue for each point of intersection of roads, requiring the erection of the guide-post, in which the town shall have neglected to provide one. The duty of the town is to erect and keep in repair guide-posts at all the intersections of roads, and the penalty accrues, on its neglect to do so ; and it is not increased by the increased number of places in which it neglects to provide them. This precise question was decided in the county of Strafford, in the case of *Roberts* v. *Rochester* and in Rockingham ——— v. *Plaistow*.

For neglecting this duty from November 4, 1844, to November 4, 1845, therefore, only one penalty can accrue, and that is recoverable in such action as shall first be brought to recover it. But of these four actions no one is first. They are simultaneous, and according to the construction given to the statute, each is for the same penalty. No one of them having the advantage of precedency, they must all fail. This state of facts might, perhaps, have been pleaded in abatement in any one of the actions, and the court may, in its discretion, quash them all for irregularity, or as a vexatious abuse of the process of the court. *Davis* v. *Dunkley*, 9 N. H. Rep. 545 ; 2 Burrow 966 ; Comyn's Dig., Abatement, H. 24.

An objection is interposed that the motion to quash was not seasonably made. It is admitted, although the fact is not made to appear in the case sent up, that the writs were amended on leave obtained for that purpose, and that the motion to quash was preferred at the same term at which the amendments were made.

The rule of court requiring pleas in abatement to be filed

Clark *v.* Lisbon.

within the first four days of the term at which the action is entered, has never been applied to motions to quash or dismiss the action. These are directed to the discretion of the court, and that discretion will be exercised in view of the particular circumstances of each case. It has never been the practice in this State to limit the exercise of it to cases in which the application has been made within the period allowed for filing pleas in abatement. But such motions have been granted, after the expiration of a year or more from the commencement of the action, during which time the ground of the objection has not been discovered, as in cases of false and fraudulent or mere pretended amendments of writs.

Such is not the present case, it is true, for no new ground for the motion has been disclosed since the entry of the actions. It would seem, however, that the court have exercised a discretion in this matter, generally, in allowing a motion to quash to be made in a reasonable time under the circumstances. What are those of the present case? From the time of the amendments the cases have stood upon the footing of new entries. The motion was made at the same term with the amendments, which, we think, was within a reasonable time. There was no laches, no waiver of defence under the circumstances. For these causes, we think, the motion to quash must prevail.

*Actions dismissed.*