*Per Curiam.* The decision of the justice, in overruling the plea of the former suit and recovery between the same parties, and in which the plaintiff below was sued, and neglected to set off the demand for which he then sued, was clearly erroneous. And though the verdict and judgment below were in favour of the now plaintiff in error, he may bring error to reverse it; (3 *Burr.* 1772.) and it is to be presumed that he has suffered a loss, by the decision of the justice, to the amount of the demand for which he was sued, as it went to reduce the balance due to him. The judgment below must be reversed.

Judgment reversed.

BEADLESTON <em>against</em> SPRAGUE.

IN error, on *certiorari.* The return stated, that *Beadleston* sued before the justice, as well for the overseers of the poor of *Kingsbury,* as for himself, and when the parties appeared, he declared *in debt,* for 25 dollars; for that *Sprague* had sold, on the 13th *August,* 1808, by retail, one gill of rum, to *I. L. Carley,* to be drank in the defendant's store, without license. The

In an action of debt, for the penalty given by the act to lay a duty on strong liquors, and regulating inns & taverns, (24 sess. c.164.) if the defendant pleads in bar, a former conviction for the same offence, he must give in evidence, to support his plea, a conviction drawn up in the *form* prescribed by the 8th section of the act for the recovery of debts to the value of 25 dollars, (31 sess. c. 304.) as any variance or defect in the form will render the evidence of such conviction inadmissible. The person who first commences a *qui tam* action to recover a penalty given by a statute, attaches a right in himself to the penalty, which cannot be devested by a subsequent suit, brought by any other common informer; though judgment has been first recovered, in such subsequent suit, and though the act declares that a recovery for the penalty shall be a bar to all prosecutions for the same offence; for this is to be construed in regard to a recovery in the suit first commenced.

defendant pleaded not guilty, with notice that *Henry Thorn*, on the 23d *August*, recovered by suit, 25 dollars, against him, in behalf of himself and the overseers of the poor of the town of *Kingsbury*, for retailing one gill of spirituous liquor, &c. against the statute, &c. The cause was tried by a jury. The plaintiff proved the sale of the liquor, &c. The defendant offered, in evidence a conviction in writing, by which he was convicted on the 23d of *August*, of having, on the 13th of *August*, sold, by retail, one gill of liquor without license. This evidence was objected to, because it did not appear, that the conviction was in a suit commenced prior to the present suit. The justice held this immaterial, and admitted the evidence. The conviction was also objected to, because the notice did not set it forth sufficiently. This objection was also overruled. It was proved, that this suit was commenced, by summons, on the 17th *August*, and the suit in which the conviction was had, was commenced by warrant, on the 23d of *August*. The plaintiff further objected to the conviction, that it did not state the kind of liquor drank, nor the place where. This objection was overruled. The conviction was then read to the jury, and proved by the justice before whom it was had, and a verdict was found for the defendant, on which the justice gave judgment.

The cause was submitted to the court, without argument.

*Per Curiam.* 1. The evidence of a former conviction was insufficient. In the first place, the conviction ought to have been drawn up and produced in the form prescribed by the 25 dollar act, of 1808. (31 sess. c. 204.) The act prescribes a specific form of conviction, to be drawn up by the magistrate, in this particular case of offences against the tavern act; and then it adds, that

"every such conviction may be pleaded in bar, to any other prosecution, for the same offence." When the law prescribes a particular form in such cases, it must 'be pursued, otherwise it does not afford the requisite legal evidence of a conviction.

2. But if the conviction had been certified in due form, it would not have availed, because it was founded on a suit commenced subsequent to that of the plaintiff. The person who first commences a *qui tam*, or *popular* action, attaches a right in himself which no other common informer, by a subsequent suit, can devest; and he may demur to a plea of a recovery in such subsequent suit. (2 *Lev.* 141. *Hutchinson* v. *Thomas. Stra.* 1169. *Jackson* v. *Gisling.* 3 *Burr.* 1423. *Combe* v. *Pitt.* 1 *Black. Rep.* S. C. 2 *Black. Com.* 437. 3 *Black. Com.* 160.) Though the statute* (*Laws*, vol. 1. 490.) says, that a recovery for a penalty incurred by selling spirituous liquors without license, shall be a bar to all prosecutions for offences committed before such recovery; yet this must be understood of a recovery in a suit which had been first commenced. The statute is not to be construed, so as to work a destruction of a right previously attached.

The judgment must be reversed.

Judgment reversed.

* 24 sess. c. 16½. s. 18.