## PIKE *vs.* MADBURY.

Under the statute requiring towns to provide a good and sufficient pound, suits, for a penalty, must be brought within one year from the time the offence was committed; and the penalty for but one year can be recovered at a time, as the offence for any prior year is barred by the statute of limitations.

A declaration for a penalty under the act must define the precise year for which the penalty is claimed, and the penalty for any year's destitution which the plaintiff may specify in his declaration may be recovered under the act.

He who first commences a *qui tam* action attaches a right in himself to the penalty, which cannot be divested by a subsequent suit, brought by another individual, even though judgment be first recovered in the second suit.

The act providing for computation in federal money, does not prevent the bringing a suit declaring for a penalty in a former currency, where the act so provides, but merely directs that the judgment of the court, when made up, shall be in federal currency.

DEBT, to recover certain penalties alleged to have accrued under the act regulating pounds.

The writ was dated June 22, 1839. The declaration contained twenty-six counts. Those only are set forth on which the plaintiff ultimately relied.

The second count alleged that the town was destitute of a pound from Sept. 15th, 1828, to Sept. 15th, 1838, whereby an action had accrued to the plaintiff to recover of the town the sum of one hundred pounds.

The third count claimed a penalty of £50, for neglect in providing a pound from February 9th, 1834, to February 9th, 1839.

The fourth count claimed a like penalty, for neglect from September 15th, 1833, to September 15th, 1838.

The fifteenth count claimed a penalty of £10, for neglect from September 15th, 1837, to September 15th, 1838.

The twenty-sixth count claimed a like penalty, for neglect from February 9th, 1838, to February 9th, 1839.

The defendant plead the general issue. It appeared in evidence that there had been no pound in town from the 23d of February, 1836, to the date of the plaintiff's writ. A pound had formerly been erected in town, but it had gone to decay. At what precise time it had become useless the witnesses were unable to state.

The defendant took exceptions to the maintenance of the plaintiff's suit—1. That the declaration should set forth specially the time when the town became destitute of a pound, and that the charge must be proved as laid. 2. That only one penalty could be declared for in one count. 3. That the penalty claimed is not in money of the government. 4. That the statute of limitations barred the recovery of any penalty accruing more than a year prior to the date of the writ.

A verdict was taken upon the twenty-sixth count, subject to a motion to set the same aside, and in arrest of judgment, founded on the objections above stated; and it was agreed that the verdict should be set aside, or affirmed, or amended, so as to apply to any other count in the declaration, as the court should direct.

*Hale*, for the plaintiff.

*Bartlett, & Christie*, for the defendant.

Upham, J. By the statute "regulating pounds," it is enacted, that "if any town shall not be provided with a good and sufficient pound within two years from the passage of the act, the town shall forfeit, and pay, to any person who will sue for the same, the sum of £10, and the same sum for

every year afterwards that they shall be destitute of such pound ;" and by the statute of limitations it is provided that all actions commenced for a forfeiture upon any penal statute, shall be brought within one year from the time when the offence was committed. 1 *Laws N. H.* 205 *and* 75 ; 12 *N. H. Rep. ante* 255, *Pike* vs. *Jenkins.*

It is apparent from these statutes that no more than one penalty can be recovered in any one suit for neglect in providing a pound, as, before a neglect for any given two years has fully transpired, the first year will be barred by the statute of limitations.

The plaintiff in this case must recover on his count for a year's neglect, from Sept. 15th, 1837, to Sept. 15th, 1838, or on the count claiming a penalty from February 9th, 1838, to February 9th, 1839, as these counts only allege an offence within a year from the commencement of the suit. The other counts are barred by the statute.

It remains, then, to inquire whether, in the last named counts, a claim for a penalty is so charged that the plaintiff can recover.

A neglect, in order to constitute an offence, must have continued for one year, and would thus run on from year to year. Various modes of reckoning have been suggested, to determine the specific time contemplated in the statute, with which the year should commence. The date of the act regulating pounds was the ninth of February, 1791 ; and one mode of reckoning suggested, is from the date of that act ; another, from the time when the act went into operation, which was on the 15th of September, 1792. A third mode of reckoning, in case a pound has once been built, is from the time it went to decay ; and a fourth mode of reckoning, is to compute the liability as covering any year's destitution which may be first designated, and sued for by any individual.

The case of *Fairbanks* vs. *Antrim,* 2 *N. H. Rep.* 105, is the only case in our Reports founded on this act. It is there holden that " the declaration upon a penal statute must de-

Pike *v.* Madbury.

scribe, with strict certainty, sufficient facts to constitute an offence; and that when the declaration is for a penalty, incurred by neglect either to build or repair a pound, it must allege the time when such neglect first commenced; as each year's neglect is, by the statute, a distinct offence, and no part of a year can be joined in the declaration with part, either of a prior, or a subsequent year."

We have no doubt of the correctness of the decision, as thus stated. There can be but one penalty recovered for any given year, and the year for which a claim to recovery is made, must be distinctly specified in the declaration; but the question still remains unsettled, from what time the year shall commence.

This can only be ascertained from an examination of the act itself. The act allows two years to the town to provide itself with a pound; and enacts that if the town does not make this provision within that time, it shall forfeit and pay ten pounds, and the same sum for every year afterwards, that it shall be destitute of a pound.

If suits were brought on the first instance of default for a penalty, and so continued with each year of neglect, the year would be reckoned from the time the act took effect, and would so continue to be reckoned, from the necessity of the case. But a different rule would prevail where a pound had once been built, and afterwards went to decay. In such case the year's neglect must commence from the precise date when the pound became worthless, and be thus continued from year to year, provided it was the intention of the legislature to commence with a given period in either case, and afterwards to confine the year to regular recurring periods from that time.

But was such the intention of the legislature, except in those cases where the first penalty should happen to be enforced, and the other instances of neglect enforced next in their order? We think not. By the provision that a penalty might be sued for at the expiration of the first two years, and "*for every year afterwards* that the town should be destitute

of a pound," it was not the intention of the legislature, we think, to provide for a year of destitution, within any particular dates, but for any and every year's destitution that might happen at any time.

Such we conceive to be the true construction of the act. And it is not liable to any other objection in its practical operation, than would, from the necessity of the case, arise on any other construction in computing the year.

The exception taken to this mode of reckoning is, that there might be conflicting suits for conflicting years, or parts of years, unless the year covered an established period of time betwixt certain fixed dates. But it should be borne in mind that whenever a suit is brought for a penalty, it becomes necessary to declare for a particular year, and that there can be no conflict after this betwixt different claimants; because, in all cases of this kind, the right to the penalty for any given period sued for, vests in the first claimant; and if so, this seems to obviate all difficulties, and leave it in our power to support fully the evident design and intention of the statute, without reference to a permanent continuance of particular years, reckoning from given dates, when, from the nature of the case, it is impossible to determine those precise dates in certain cases.

In *Beadleston* vs. *Sprague*, 6 *Johns.* 101, it is held that he who first commences a *qui tam* action, attaches a right in himself to the penalty, which cannot be divested by a subsequent suit brought by another informer, though judgment be first recovered in such subsequent suit. 6 *Mass. R.* 348, *Commonwealth* vs. *Cheney;* 5 *Mass. R.* 174, *Commonwealth* vs. *Churchill.*

In *Hardy* vs. *Cathcart,* 2 *Maule & Sel.* 534, where a penalty was inflicted on a spiritual person for absence from his benefice for eight months in any year, the court held it to mean the year next preceding the date of the writ.

We are fully aware that in the case of *Fairbanks* vs. *Antrim,* 2 *N. H. Rep.* 105, the court were of a different opin-

ion in applying the general principles laid down in that case ; but notwithstanding the details of that decision are against us, the court are of opinion the construction we now hold to is the true construction of the act, and that the plaintiff should recover judgment on the count on which verdict was taken.

The exception that the penalty is not declared for, in the present currency, is immaterial. In rendering judgment the amount must be changed to federal currency, and this is all which is required by the act of February 20, 1794. 1 *Laws N. H.* 125.

*Judgment on the verdict for the plaintiff.*