## COMMONWEALTH *vs.* SARAH MURPHY.

A wife, who, in the absence of her husband, though in the house in which they live and trade together, sells intoxicating liquor, under such circumstances as would, but for her coverture, prove her to be a common seller, may be indicted as such, unless it appears that she acted by his command or under his coercion or influence.

An indictment, which alleges that the defendant was a common seller of intoxicating liquors, " without being duly appointed and authorized therefor," sufficiently alleges that he had no authority, under *St*. 1852, *c*. 322, as a town agent or a manufacturer, to be a common seller.

An indictment to recover the penalties imposed by *St*. 1852, *c*. 322, § 12, on a common seller of intoxicating liquors, need not aver that an action for the same penalties has not been brought under that statute in the name of the city or town where the offence was committed.

INDICTMENT, found at May term of the court of common pleas 1854, alleging " that Henry Murphy and Sarah Murphy,

both of Danvers in said county of Essex, traders, on the first day of January in the year of our Lord one thousand eight hundred and fifty four, and on divers days since, at Danvers aforesaid, in said county of Essex, they not being then and there duly appointed and authorized therefor, did presume to be, and then and there were common sellers of spirituous and intoxicating liquors, in a building then and there used by them as a shop and place of business; against the peace of the Commonwealth, and contrary to the form of statute in such case made and provided." Henry Murphy not having been arrested, Sarah Murphy was tried alone at said May term, before *Wells,* C. J.

It appeared in evidence that the defendants were husband and wife, and during all the time covered by the indictment were living together as such in a house in Danvers, in one room of which was a small store, where, among other articles, intoxicating liquor was frequently sold; and this store was sometimes tended by the husband, and sometimes by the wife, both in his presence and in his absence. The evidence tended to prove that in various occasions, and in more than three instances, the wife, in the absence of her husband, sold intoxicating drinks to different persons, under such circumstances as would prove her to be a common seller, unless the fact of her coverture disproved that inference; but there was no evidence of any actual command of her husband, nor of any coercion or influence on his part, to induce her to make these sales, or either of them; nor was there any evidence that she made the sales in opposition to his commands or wishes.

The judge instructed the jury that upon these facts, if proved, the defendant was guilty, and the jury returned a verdict accordingly; and the judge reported the case, with the consent of the defendant, for the decision of this court.

The defendant moved in arrest of judgment in the court of common pleas, on the following grounds: "1st. That there is a fatal variance in the general negative of exceptions; the indictment alleging that the defendant, not being duly appointed or authorized, was a common seller; while the statute makes no provision for license of a common seller. 2d. That the indict-

ment is bad; it not appearing by said indictment that an action of debt has not been commenced by the town where the offence was committed." The judge overruled this motion, and the defendant alleged exceptions.

*J. W. Perry*, for the defendant. 1. All personal property of the wife is by law the husband's, and the presumption of law is, that in dealing with his property, especially when such dealing is long continued, she acts under his direction and control. This defendant living with her husband, and being a joint trader 'with him, though she might be guilty of single sales in his absence, yet the offence of being a common seller in the husband's shop for four or five months, if committed by her, must be presumed to have been committed under his coercion, unless the contrary appears. 16 Law Reporter, 254–256. The keeping of a bawdy house, for which a wife was separately indicted in *Commonwealth* v. *Lewis*, 1 Met. 151, does not imply dealing in property, but simply management of the family.

2. The allegation in the indictment, that " the defendants, not being duly authorized and appointed therefor, were common sellers," only negatives an appointment as common sellers, for which the *St.* of 1852 makes no provision; and does not negative that the sales were made under an appointment or authority as town agents or manufacturers.

3. The *St.* of 1852, *c.* 322, § 12, provides that penalties incurred under that section, for being a common seller, may be recovered either by indictment, or by action of debt in the name of the city or town where the offence is committed. The process first commenced would take precedence. The indictment should therefore allege that no such action has been commenced. *Commonwealth* v. *Cheney*, 6 Mass. 347.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

METCALF, J. The defendant's counsel has not denied that a wife may be indicted jointly with her husband. And the authorities on this point, (notwithstanding the case of *Commonwealth* v. *Trimmer*, 1 Mass. 476,) are too numerous and decisive to be withstood. Whether she can be convicted separately, or jointly with him, is a question to be determined by direct evi-

dence or by legal presumptions concerning the freedom of her action or the coercion of her husband.

The exception taken to the instruction given to the jury in this case cannot be sustained. That instruction was, that if the defendant, in the absence of her husband, sold intoxicating liquor, under such circumstances as proved her to be a common seller, and if there was no evidence that she sold it by his command, or that, in selling it, she was under any coercion or influence of his, then she should be found guilty. The objection to this instruction assumes, as a legal proposition, that the defendant must be presumed to have acted under the coercion of her husband, unless the contrary be proved. But there is no such presumption, when the wife acts in the absence of her husband. *Rex* v. *Morris*, Russ. & Ry. 270. Rosc. Crim. Ev. (2d ed.) 879 1 Russ. on Crimes, (7th Amer. ed.) 20, 21.

The first cause assigned for the motion in arrest of judgment is, that, although the *St.* of 1852, *c.* 322, makes no provision for licensing common sellers, yet the indictment charges the defendant with being a common seller without being duly appointed and authorized therefor, and therefore does not properly negative an authority to sell as manufacturer, or an appointment to sell as town agent. The answer to this is, that neither does the *St.* of 1852, *c.* 322, nor did the previous statute, authorize the licensing of common sellers *eo nomine.* Under the previous statutes, no one could lawfully be what is termed a common seller, besides licensed taverners, retailers and victuallers. Under *St.* 1852, no one can lawfully be a common seller, besides appointed town agents and authorized manufacturers. This indictment, therefore, by alleging that the defendant was a common seller, without being duly appointed and authorized " therefor," sufficiently alleges that she had no authority, either as town agent or as manufacturer, to be a common seller.

The other cause assigned for the motion in arrest is, that as *St.* 1852, *c.* 322, § 12, provides that the penalty for being a common seller may be recovered by indictment, or by action of debt in the name of the city or town where the offence is committed the indictment is bad, because it does not aver that an action of

debt, for the offence therein charged, has not been brought in the name of the town of Danvers. This objection to the indictment is groundless. It might, with equal reason, be objected that it is not averred in the indictment that the defendant had not been formerly convicted of the offence therein charged. The pendency of an action, in the name of the town, at the time when the indictment was returned, would, if properly pleaded, defeat the indictment. 2 Hawk. *c.* 26, § 63. *Commonwealth* v. *Churchill,* 5 Mass. 174. *Commonwealth* v. *Howard,* 13 Mass. 222. *Beadleston* v. *Sprague,* 6 Johns. 101. But the pendency of such action, or a recovery in it, is matter of defence, to be pleaded and proved, like a former conviction or acquittal. An indictment, rightly framed, never negatives matter of defence.

*Exceptions overruled.*