JOHN DOZIER v. C. B. WILLIAMS et. al.

1. PENAL ACTIONS.—It is well settled, that in popular actions for a statutory penalty, he who brings the first action acquires a right to the penalty which no other common informer can divest. While the prior action is pending, the subsequent writ is bad *ab initio*.

APPEAL from the chancery court of Lee county. WHITFIELD, Chancellor.

The opinion of the court contains a sufficient statement of the case.

*J. A. Blair*, for appellant.

1. The second plea was improperly filed, and should have been stricken from the files. Every defendant has the right to plead, answer or demur; and he may do all at once, when each is applied only to a certain specific part, and covered by the other. But when the pleader has once elected what he will do, he is bound by it, and can neither amend or plead anew' without leave of the court.

2. The allegations of the bill are admitted by the demurrer. The bill charges maintenance; that Bacon employed counsel to institute the suit in the circuit court by Williams; that Bacon was responsible to Williams for costs; that Williams had no interest in the suit; that it was begun and prosecuted at the instance of Bacon and for his sole benefit, and that Williams, by his own consent, is a mere cat's-paw for the benefit of

Williams. 4 Black. Com. 134; 4 Kent's Com. 447, note; 2 Story Eq. Jur., § 1048, notes; Reeves et. al. v. Weaver et. al. 36 Miss. 383; 2 Bish. Cr. Law (3d ed.), § 127. Whenever one man assists another to deceive the court, whether the assistance be by the way of money or advice, both he and the one who takes the aid should be punished as criminals together. 2 Bish. Cr. Law (3d ed.), § 134.

3. The bill charges against appellees a conspiracy to defraud and deprive the appellant of his rights and legal remedies. Whenever two or more enter into any combination to obstruct the justice of the country in whatever method, they should be held to answer for their act as a crime. This is the doctrine of conspiracy. See 2 Bish. Cr. Law (3d ed.), §§ 134, 172, 176, 195, 196, 202, 204.

4. Against this maintenance and conspiracy, complainants had no adequate remedy at law. A court of equity does not ordinarily interfere by injunction when the parties complaining have a complete remedy at law; but it must be adequate in law and in fact. 1 Story Eq. Jur., §§ 32, 33, 49; 30 Miss. 177. The power to grant injunctions to stay proceedings at law is almost infinite; 2 Story Eq. Jur., §§ 885, 774; and to suppress litigation. 1 Story Eq. Jur., §§ 901, 903. If the appellees obtain judgment in the circuit court, the complainants charge that it is their intention to plead in bar of appellant's suit. This would be an unconscious defense. Story Eq. Jur. 903, 904.

5. As to the right of appellant to the penalty, see Black. Com. 160; 2 ib. 354, 438; 13 Mass. 222; 2 Mass. Dig. 260. By a rule of chancery practice, to which there is no exception, the demurrer is overruled. See Story Eq. Pl., §§ 442, 462–5. If a demurrer or answer is not intended to apply to the whole bill, it must clearly express the particular points which it was designed to cover. See Story Eq. Pl., §§ 457, 458.

*J. D. Williams*, for appellees.

1. If the allegations of the bill, that the defendants are endeavoring, by covin and collusion, to obtain a judgment in the circuit court, before complainant can obtain his judgment, and plead the same in bar of the suit of complainant, are true, they would not avail the respondents anything in this case, and would not prevent the complainant from prosecuting his suit to final judgment, for the reason that complainant could reply to the facts constituting covin and collusion, and, by proving the facts, obtain judgment.   Rev. Code of 1857, p. 140, art. 74.

2. He who first brings a *qui tam* action, attaches a right in himself that cannot be divested by a subsequent suit.   Pike v. Madbury, 12 N. H.   The complainant's remedy, therefore, is complete and adequate at law, and the demurrer was, therefore, properly sustained, and the bill dismissed.   1 Story Eq. Jur. 32, 49, 53, 74; 30 Miss. 117.   Equity avoids a multiplicity or circuity of actions touching the same subject-matter.   27 Miss. 509. If it appear, at any stage of the proceedings, that the case is not within the jurisdiction of a court of equity, it is a fatal error.   31 Miss. 459.   Injunctions will not be granted to stay criminal prosecutions, or any case not strictly civil.   2 Story Eq. 893, 894; 7 Cranch, 558; 6 Paige, 622; 14 How. (U. S.) 353; 17 ib. 602, 641; 23 Ala. 722.   Equity will not aid or assist in the recovery of a penalty.   4 Johns. Ch. 432, 433.


Peyton, C. J.:

W. H. Bacon, clerk of the probate court of Lee county, on the 13th day of January, A. D. 1870, issued a marriage license to one George Dozier, a minor, and son of John Dozier, under the age of twenty-one years, to celebrate the rites of matrimony between the said George Dozier and one Mollie Dozier, without having obtained the consent of the father of said minor.

John Dozier, on the 2d day of April, 1870, brought an action of debt in the circuit court of said county against the said W. H. Bacon, clerk as aforesaid, to recover the statutory penalty of one thousand dollars.

And on the 1st day of July, 1870, C. B. Williams commenced suit in said circuit court against the said W. H. Bacon for the recovery of the same statutory penalty.

The said John Dozier filed his bill in the chancery court of said county against the said C. B. Williams and W. C. Bacon, alleging that said Williams and Bacon had fraudulently combined in the prosecution of said suit of Williams against Bacon in the circuit court, to defeat the recovery of the complainant in his suit for the statutory penalty, and praying for an injunction to restrain them from further proceedings in said cause, and for a decree perpetuating said injunction upon a final hearing of the cause.

To this bill of complaint the defendants demurred for the want of equity in the bill, and the complainant made a motion to strike the demurrer from the files, which was overruled by the court, whereupon the cause coming on for final hearing upon the defendant's demurrer to the bill of complaint, the court sustained the demurrer and dismissed the bill.   Hence the cause is brought here by the complainant for the revision of this court.

We cannot perceive how the prosecution of the suit of Williams v. Bacon can affect the right of Dozier to recover the penalty given by the statute, for which he had instituted suit against Bacon at some time before the commencement of the suit of Williams for the same cause of action.

It is a well settled doctrine, that in a popular action for a penalty given by statute, he who brings the first suit attaches a right in himself to the penalty, which no other common informer, by a subsequent suit, can

divest. 1 Chitty's Pl. 453; Beadleston v. Sprague, 6 Johns. 101, and Anderson v. Barry, 2 J. J. Marsh, 281. In such cases the principle is, when the prior action is pending, the subsequent writ is bad *ab initio*; it is wrongly sued out, as not given by the penal statute, while another action is pending for the same cause. 3 Black. Com. 160; Commonwealth v. Churchill, 5 Mass. 180; Frogg v. Long, 3 Dana, 157; Parker v. Colcord, 2 N. H. 36.

The record will show when the suits were brought, and with the knowledge thus derived, the court would not render judgment in favor of the plaintiff in a second suit for the want of interest in the subject-matter of the suit; and even if it did, the judgment would be a nullity, and could not be set up in bar of the plaintiff's right of recovery in the first suit, nor could it be used in any way to his prejudice.

The remedy, therefore, being full, adequate and complete at law, there was no occasion for a resort to equity.

For this reason, the decree of the court below must be affirmed.